PEOPLE ex rel. PRESTON v. KEATOR. (No. 202/120.)

(Supreme Court, Appellate Division, Third Department. September 15, 1915.)

1. Quo Warranto ⬥⟹55—Right to Office—Burden of Proof.
   In an action in the nature of quo warranto to try title to an office, as between relator and defendant, the former has the burden to make out better title.
   [Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. §§ 63–65; Dec. Dig. ⬥⟹55.]

2. Highways ⬥⟹93—Officers—Right to Office—Statutes.
   Const. art. 13, § 1, provides that all executive officers, before they enter upon their duties, shall take a prescribed oath. Public Officers Law (Consol. Laws, c. 47) § 5, provides that every officer shall hold over after his term until his successor shall be chosen and qualified, but after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor; and section 30 provides that every office shall be vacant upon the failure of a candidate to file his official oath or undertaking within 15 days after the commencement of his term of office. Town Law (Consol. Laws, c. 62) § 130, provides that, on a vacancy in any town office, the town board may appoint a suitable person to fill such vacancy. Defendant in quo warranto held the office of superintendent of highways for his township at the time of an election, and relator, the opposing candidate, was elected, but did not assume to qualify by filing his oath of office until 17 days after the election; both oath and undertaking being then defective. Thereafter the town board passed a resolution reciting that a vacancy had existed in the office, which it was

the duty of the board to fill. The defendant was thereby appointed, his term to end with the regular term for which the election had been held. *Held*, relator could not maintain quo warranto to oust defendant and recover possession of the office, since taking the constitutional oath of office and filing a bond was a condition precedent to his being entitled to enter upon its duties.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 304–307; Dec. Dig. ☞93.]

Appeal from Trial Term, Chenango County.

Quo warranto by the People, on the relation of Eyra L. Preston, against William P. Keator. Judgment for relator, and defendant appeals. Reversed, and complaint dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

H. C. & V. D. Stratton, of Oxford, for appellant.

Egburt E. Woodbury, Atty. Gen. (Hubert L. Brown, of Norwich, of counsel), for respondent.

LYON, J. The judgment demanded by the relator is that he be adjudged to have the legal right to hold the office of superintendent of highways of the town of McDonough, Chenango county, N. Y., for the two-year term commencing November 1, 1913, and that the defendant be adjudged not to have that right, and be ousted and excluded from such office.

The parties were opposing candidates for the office at the biennial town election held February 11, 1913. It is not seriously questioned that the relator received a majority of two votes and was duly elected to the office. On March 1, 1913, 17 days after the election, the relator assumed to qualify by filing his oath of office, taken that day, and his undertaking. The oath was defective, in there being omitted therefrom the last clause required by article 13, section 1, of the state Constitution, to the effect that the relator had not directly or indirectly paid, offered or promised to pay, contributed, or offered or promised to contribute, any money or other valuable thing as a consideration or reward for the giving or withholding a vote at the election at which he was elected to said office, and had not made any promise to influence the giving or withholding such vote. The undertaking was defective, in that, while it was signed and acknowledged by the relator and the two sureties, neither affidavit of justification was signed by a surety, although the name of the justice of the peace taking the acknowledgments of the signers was written below each jurat. The relator has never filed any other oath or undertaking.

That the relator had knowledge of his election must be assumed from his having filed the oath and undertaking, as well as from the testimony of a witness, called by him upon the trial, having testified that relator's election was announced by the chairman of the election board, at which election the relator's name was on the poll list, and at which he voted. On March 13, 1913, the town board met and passed a resolution reciting the existence of a vacancy in the office of the town superintendent of highways by reason of the relator,

who had received the largest number of votes, having failed to qual-
ify within 10 days following the election as required by law, and
designating the defendant to fill the vacancy.  On or about November
1, 1913, the relator demanded of the defendant the books and papers
relating to the office, which the defendant refused to turn over.  In
March, 1914, the town board again met and passed a resolution recit-
ing that, whereas, a vacancy had existed in the office since November
1, 1913, which it was the duty of the town board to fill, the defendant
was thereby appointed to fill such vacancy, his term of office to end
November 1, 1916.  Immediately following each of these meetings
of the town board, the defendant filed and gave an oath and under-
taking, and has since claimed to hold the office by virtue of such ap-
pointments, and as holding over under the two-year term for which
he was elected in 1911, expiring November 1, 1913, and as to which
term it is to be assumed that he duly qualified.

The trial court held that the relator was entitled to hold the office
upon taking the oath and filing the undertaking required by law, and
that the appointments of the defendant were invalid, for the 'reason
that there was no vacancy in the office.  The court thereupon granted
a judgment ousting the defendant from the office.  From such judg-
ment this appeal has been taken.

Section 1 of article 13 of the state Constitution required that the
relator, before he entered upon the duties of his office, should take
and subscribe the constitutional oath of office.  This, concededly, he
has never done, as the oath which he took did not contain the last
clause of the section as before stated, and hence the relator has never
been entitled to enter upon the duties of the office.  Section 30 of
the Public Officers Law provided:

"Every office shall be vacant upon the happening of either of the following
events before the expiration of the term thereof: * * * (7) His refusal
or neglect to file his official oath or undertaking, * * * before or within
15 days after the commencement of the term of office for which he is chosen,
if an elective office."

Section 130 of the Town Law provided:

"When a vacancy shall occur or exist in any town office, the town board or
a majority of them may, by an instrument under their hands and seals, ap-
point a suitable person to fill the vacancy, and the person appointed, except
justices of the peace, shall hold the office until the next biennial town
meeting."

Furthermore, section 5 of the Public Officers Law provided that:

"Every officer except a judicial officer, * * * having duly entered on
the duties of his office, shall * * * hold over and continue to discharge
the duties of his office, after the expiraton of the term for which he shall
have been chosen, until his successor shall be chosen and qualified; but after
the expiration of such term, the office shall be deemed vacant for the purpose
of choosing his successor."

[1, 2] In an action in the nature of quo warranto to try title to
an office, as between the relator and the defendant, the burden is
upon the former to make out a better title to the office than that of
the defendant.  People ex rel. Watkins v. Perley, 80 N. Y. 624; 32
Cyc. 1460.  Taking the constitutional oath of office being a condition

precedent to relator being entitled to enter upon the duties of the office, and hence to his right to maintain an action to oust the defendant and to recover possession of the office, we conclude that the relator is not entitled to succeed in this action.

Nor is there any element of injustice in such decision. The relator had notice, several months before the commencement of his term of office, that his right to the office was questioned, and yet he had not, up to the time of the trial in January, 1915, attempted, as he testifies, to file any other oath or undertaking. It would be unfortunate, if the refusal or neglect of a person elected to such office to qualify, as required by the Constitution of the state, could deprive a town of such an officer, as the position is one of importance, and particularly so in certain contingencies.

The judgment should be reversed, and the complaint dismissed upon the merits, with costs. All concur.