PEOPLE ex rel. WALTON v. HICKS.

(Supreme Court, Appellate Division, Third Department.　May 3, 1916.)

1. HEALTH ⬥⟹7(1)—HEALTH OFFICER—OATH OF OFFICE.

Const. art. 13, § 1, requiring all officers except such inferior officers as shall be exempted to take and subscribe the constitutional oath of office, applies to the health officer of the city of Amsterdam.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 6; Dec. Dig. ⬥⟹7(1).]

2. HEALTH ⬥⟹7(1)—HEALTH OFFICER—OATH OF OFFICE.

Where the original appointment and reappointment in March, 1913, of a health officer of the city of Amsterdam were made in violation of the civil service requirements of Const. art. 5, § 9, and Civil Service Law (Consol. Laws, c. 7) § 8, the appointee never having been examined nor received a certificate, and he was examined April 8, 1913, and received a certificate and was reappointed on April 9th, but did not take the oath of office within 15 days thereafter, the office became vacant under Public Officers Law (Consol. Laws, c. 47) § 30, providing that every office shall be vacant on the refusal or neglect of the officer to file his official oath within 15 days after notice of appointment, though he had taken the oath of office on his appointment in March.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 6; Dec. Dig. ⬥⟹7(1).]

Appeal from Trial Term, Montgomery County.

Action by the People, on the relation of James S. Walton, against Horace M. Hicks, in the nature of quo warranto to test the title to the office of Health Officer of the City of Amsterdam.　From a judgment for defendant, entered on a decision after trial before the court without a jury, plaintiffs appeal.　Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-WARD, and COCHRANE, JJ.

Egburt E. Woodbury, Atty. Gen. (J. H. Dealy, of Amsterdam, of counsel), for appellants.

Ambrose P. Fitz-James, of Amsterdam (Charles S. Nisbet, of Amsterdam, of counsel), for respondent.

HOWARD, J.　Dr. James S. Walton, the relator, was first appointed health officer of the city of Amsterdam in March, 1910.　He was reappointed each year thereafter up to and including March 12, 1913. At the time of his first appointment section 9 of article 5 of the state Constitution read as follows:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examination, which, so far as practicable shall be competitive. * * *"

The Civil Service Law (chapter 7 of the Consolidated Laws) was also in effect at the time of the relator's original appointment and at the time of each subsequent appointment.　One paragraph of section 8 of the Civil Service Law reads:

"No officer or officers having the power of appointment or employment shall select or appoint any person for appointment, employment, promotion or rein-

statement, except in accordance with the provisions of this chapter and the rules and regulations prescribed thereunder."

The Constitution and the Civil Service Law were wholly ignored in the appointment of the relator. He never took an examination in order that his merit and fitness might be ascertained, never qualified, and never received a certificate. This was his status on April 8, 1913. On that day the relator did take a civil service examination, and, having passed, received a certificate to that effect. On April 9th following he was again appointed to the position of health officer. Immediately after his appointment on March 12th, and on the same day, he took the constitutional oath of office, which was filed in the office of the city clerk on the next day; but he did not take any oath of office within 15 days after his appointment on April 9, 1913. He entered upon the performance of his duties, however, and continued in occupation of the office until March, 1914. On May 13, 1914, after some previous temporary expedients, Dr. Horace M. Hicks, a regular licensed physician, whose eligibility had been duly certified by the civil service commission, was appointed health officer.

The only question arising here is whether the failure of Dr. Walton to take his oath of office within 15 days after his appointment on April 9, 1913, and after he had passed the civil service examination, vitiates his appointment and vacates the office. If the original appointment of the relator had been legal, we would have no hesitation in holding his reappointment on March 12, 1913, legal, and his oath of office taken on that day effective. People ex rel. Wilson v. Knox, 45 App. Div. 537, 61 N. Y. Supp. 472. But the relator's induction into office was originally illegal, and contrary to the Civil Service Law and to the Constitution, and therefore gave him no standing before the law, and constituted no test or certificate of his merit and fitness.

[1, 2] Section 1 of article 13 of the Constitution of the state requires all officers, except such inferior officers as shall be exempted, to take and subscribe the constitutional oath of office. This provision has been held to apply, and we hold it to apply, to the health officer of the city of Amsterdam. People ex rel. Williamson v. McKinney, 52 N. Y. 374; Matter of Board of Health, 43 App. Div. 236, 60 N. Y. Supp. 27. Section 30 of the Public Officers Law (Consol. Laws, c. 47) provides:

"Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof: * * * His refusal or neglect to file his official oath or undertaking, if one is required, before or within fifteen days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within fifteen days after notice of his appointment, or within fifteen days after the commencement of such term."

This statute is emphatic and unequivocal. It does not seem possible that it can be misunderstood. In case a person appointed to office neglects to file his official oath within 15 days after notice of appointment or within 15 days after the commencement of the term of office, the office becomes vacant ipso facto. That is all there is to it. No judicial procedure is necessary; no notice is necessary; nothing is necessary. The office is vacant, as much so as though the ap-

pointee were dead; there is no incumbent, and the vacancy may be filled by the proper appointive power. That was exactly the situation here, and it therefore follows that the defendant, being properly qualified, was lawfully appointed to the position of health officer of the city of Amsterdam, and is now lawfully in possession of that position.

We have carefully examined the following authorities cited by the relator: Cronin v. Gundy, 16 Hun, 520; Horton v. Parsons, 37 Hun, 42; Adams v. Tator, 42 Hun, 384; People v. Board of Trustees, 59 Hun, 204, 13 N. Y. Supp. 447; People ex rel. Brooks v. Watts, 73 Hun, 404, 26 N. Y. Supp. 280; People v. McKinney, 52 N. Y. 374; Cronin v. Stoddard, 97 N. Y. 271. We agree with the learned trial court that "the reasoning of these cases does not apply to the case in hand." But, if they may be thought to conflict in any respect with our conclusion here, in so far as they do so conflict, we are unable to follow them.

The judgment should be affirmed.    All concur.