In the Matter of the Application of GEORGE J. YAKEL, for an Order Directing the Filing of His Oath of Office with the Secretary of the Police Board of the Village of Green Island, as of March 4, 1922.

Supreme Court, Albany County, May, 1922.

**Public officers — village of Green Island — failure of policeman to file his oath of office within time prescribed by statute — vacancy results automatically — court has no right to order filing of oath nunc pro tunc.**

The filing of a paper *nunc pro tunc* is a practice peculiar to judicial proceedings and such an order can only be made in a pending action or proceeding or where such power is given to the court by law.

There is no statute which reserves to the court the right to order the filing of an oath of office *nunc pro tunc*.

A statute applicable to the village of Green Island (Laws of 1871, chap. 637, § 10) provides that each policeman before he enters upon the discharge of his duties shall take and file with the secretary of the board of police the constitutional oath of office, and section 30(7) of the Public Officers Law provides that the office shall be vacant upon his neglect to file such oath within fifteen days after his appointment. Petitioner upon his appointment as policeman of said village on March 4, 1922, simply took the constitutional oath of office administered orally by the president of the police board. *Held*, that petitioner's failure to take and subscribe the constitutional oath of office and to file the same within the time required by law caused a vacancy in the office *ipso facto*.

Petitioner acted as such police officer until April 6, 1922, when, upon being informed by the president of the police board that on account of his failure to file his oath the office had been declared vacant, surrendered his badge under protest. *Held*, that there having been no compliance with the law petitioner's motion for an order directing the filing of a constitutional oath of office sworn to by petitioner on April 7, 1922, *nunc pro tunc* as of the date of his appointment, will be denied.

APPLICATION on return of an order to show cause for an order directing the filing of the oath of office of George J. Yakel, as one

41

of the policemen of the village of Green Island, Albany county, New York, with the police board of that village, as of March 4, 1922.

*Frank H. Deal*, for petitioner.

*Kenneth S. MacAffer*, for Lockley, a member of the Green Island police board, for motion.

*Bertram P. Kavanagh* (*William T. Byrne*, of counsel), for Wilson and McCarthy of police board, opposed.

ROSCH, J. It appears that on the 4th day of March, 1922, the petitioner was appointed a policeman of the village of Green Island by the police board, and on that day took the constitutional oath of office, which was administered by William E. Silcocks, the then president of the village and president of the police board. After the taking of the oath, which was administered orally, the following record was made in the police book of the village:

"*March* 4, 1922.

" George J. Yakel having been duly appointed a patrolman by the Board of Police Commissioners, was this day sworn in by me and ordered to report at 10.00 A. M., March 5/22, to Captain Elliot for assignment for duty.

"W. E. SILCOCKS, *Village President*."

There is no claim that any oath was subscribed or filed, and on the other hand there is no question but that the oath was administered orally. Upon the argument of the application it was conceded by the attorneys appearing and presenting the matter that the questions to be determined were, *first*, whether such procedure was a substantial compliance with the law, and *second*, whether this court could direct the filing of a written and subscribed oath *nunc pro tunc* as of March 4, 1922.

From March 4, 1922, until about April 6, 1922, the petitioner acted as a police officer, and on that day was informed by the president of the police board, Frank A. Wilson, that on account of the failure of petitioner to file his oath the office had been declared vacant. Petitioner subsequently surrendered his badge, as he claims, under protest. On April seventh the petitioner signed a constitutional oath of office and swore to it on that day before a notary public. Such oath he asks that this court order filed as of March 4, 1922.

Chapter 637 of the Laws of 1871, entitled "An act to provide for the appointment of police commissioners in the village of Green Island, Albany county, and to establish a police force therein," by section 10 thereof provides as follows: "The said chief of

police, and each policeman, before he enters upon the discharge of his duties, shall take and file with the secretary of the board of police the constitutional oath of office."

Subdivision 7 of section 30 of the Public Officers Law provides that an office shall be vacant upon official's " * * * refusal or neglect to file his official oath or undertaking, if one is required, before or within fifteen days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within fifteen days after notice of his appointment, or within fifteen days after the commencement of such term; or to file a renewal undertaking within the time required by law, or if no time be so specified, within fifteen days after notice to him in pursuance of law, that such renewal undertaking is required. When a new office or an additional incumbent of an existing office shall be created, such office shall, for the purposes of an appointment or election, be vacant from the date of its creation, until it shall be filled by election or appointment."

Section 1 of article 13 of the Constitution of the state provides the form of the constitutional oath of office, and provides that legislative and judicial officers, except such inferior officers as shall be by law exempted, shall before they enter on the duties of their respective offices take and subscribe the oath prescribed therein.

The provision of law applicable to the village of Green Island provides that the police officer shall " take and file " the constitutional oath of office. The Public Officers Law provides that office shall be vacant upon refusal or neglect " to file " official oath. The Constitution provides that an official shall " take and subscribe " the oath. The words " file " and " subscribe " have well-defined meaning. To file means, in law, to deposit in a court or public office a paper or document. Subscribe means to sign with one's name. The purpose of filing is that there shall be a permanent preservation of the thing so delivered and received that it may become a part of the public record. The purpose of subscribing is that the official consent cannot be questioned and that he shall be bound unequivocally by his oath.

The petitioner failed to comply with the provisions of law required in that he failed to " take, file and subscribe " his oath of office. *People ex rel. Walton* v. *Hicks*, 173 App. Div. 338; affd., 221 N. Y. 503.

Justice Howard, in the opinion in the *Walton* case, at page 341, referring to the provisions of the Public Officers Law quoted, states: " This statute is emphatic and unequivocal. It does not seem possible that it can be misunderstood. In case a person appointed

to office neglects to file his official oath within fifteen days after notice of appointment or within fifteen days after the commencement of the term of office, the office becomes vacant, *ipso facto.* That is all there is to it. No judicial procedure is necessary; no notice is necessary; nothing is necessary. The office is vacant, as much so as though the appointee were dead; there is no incumbent, and the vacancy may be filled by the proper appointive power."

The counsel for the petitioner seeks to distinguish the *Walton* case, and insists that it was a quo warranto proceeding and should not be controlling. The concise and forceful language of the learned justice is, however, conclusive in its statement that the failure to file the oath causes a vacancy, *ipso facto.* Such is the situation in the case under consideration. The filing and subscribing of the oath is more than a mere ministerial act. If the officer taking the oath had failed to subscribe the jurat, or had failed to properly file the oath, the court, upon a proper application, would require such act to be done. Such, however, is not the question presented here. Here the petitioner did not do two of the very acts required of him — subscribe his oath of office and file his oath of office. There was no compliance with the law. *People ex rel. Preston* v. *Keator,* 169 App. Div. 368.

It is a very serious question whether this court has power to grant the relief sought under any circumstances. There was no delay of an officer of the court in doing any ministerial act, or any delay arising from the act of the court. No right is reserved by any statute to the court to order the filing of an oath of office *nunc pro tunc.* The filing of a paper *nunc pro tunc* is a practice peculiar to the conduct of judicial proceedings. A proceeding to file a paper incident to an official position *nunc pro tunc,* where such proceeding is started for that sole purpose, is something novel, and there appears to be no precedent for it. Such an order can only be made in an action or proceeding pending, or where such power is given by law.

The motion is denied, without costs.

Ordered accordingly.