NATHAN GINSBERG, Appellant, *v.* CITY OF LONG BEACH, Respondent.

Argued June 18, 1941; decided July 29, 1941.

*Jacob M. Zinaman* for appellant. The decision of the
Appellate Division as to qualification is based on an issue
which was neither pleaded nor raised on the trial. (*Lind-
lots Realty Corp.* v. *Suffolk Co.*, 278 N. Y. 45; *Brown* v.
*Manufacturers Trust Co.*, 278 N. Y. 317; *Moses* v. *Hatch*,
21 App. Div. 486; 163 N. Y. 554; *Queck-Berner* v. *Macy*,
240 N. Y. 341; *H. K. & S. B. Corp.* v. *Cooper*, 114 N. Y.
388; *Martin* v. *Herzog*, 228 N. Y. 164; *Matter of Einstein*,
150 App. Div. 856; 208 N. Y. 588; *Shepard* v. *United States*,
290 U. S. 96; *Rosenberg* v. *Wilkens*, 127 App. Div. 906.)
The Appellate Division erred in holding that defendant
was authorized to reduce plaintiff's salary as health officer
during his term of office to a sum below the minimum pre-
scribed by section 21 of the Public Health Law (Cons.
Laws, ch. 45). (*Matter of Skinner, Cook & Babcock* v.
*4th Church of Christ*, 238 App. Div. 573; *Equitable Trust Co.*
v. *McClaire*, 135 N. Y. Supp. 1022; *People ex rel. Van
Denbergh* v. *Town Board of Colonie*, 254 App. Div. 54;
*Oneida County* v. *City of Utica*, 260 App. Div. 363; *Schief-
felin* v. *Leary*, 219 App. Div. 660; *Matter of Hulbert* v.
*Craig*, 124 Misc. Rep. 273; 213 App. Div. 865; 241 N. Y.

525; *Adler* v. *Deegan*, 251 N. Y. 467; *Matter of Kress* v. *Department of Health*, 283 N. Y. 55.)

*Bernard H. Reich*, *Corporation Counsel*, for respondent. The plaintiff, having been a *de facto* officer, is not entitled to the salary of the office and cannot maintain an action against the city for the compensation to which he would be entitled if he were an officer *de jure*. (*Matter of Hulbert* v. *Craig*, 124 Misc. Rep. 273; 213 App. Div. 865; 241 N. Y. 525; *Sheridan* v. *City of St. Louis*, 81 S. W. Rep. 1082; *People ex rel. Walton* v. *Hicks*, 173 App. Div. 338; 221 N. Y. 503.) Assuming that the plaintiff was legally the public health officer of the city of Long Beach for some period, the amount of his recovery is limited to the compensation fixed by the Council for the office in the budget for that period. (*Adler* v. *Deegan*, 251 N. Y. 467; *Freund* v. *Hogan*, 264 N. Y. 203; *Whitmore* v. *Mayor*, 67 N. Y. 21; *Ledwith* v. *Rosalsky*, 244 N. Y. 406; *People ex rel. Garrity* v. *Walsh*, 181 App. Div. 118; *Matter of Hanower* v. *Gandia*, 269 N. Y. 593; *People ex rel. Young* v. *Gulvin*, 164 App. Div. 768.)

*Per Curiam.* Plaintiff sued to recover his salary as health officer of the defendant City of Long Beach for the period from December 1, 1936, to February 28, 1938. His recovery thereof at Trial Term was reduced by the Appellate Division and the case is now here on his appeal only.

The form in which the issues were submitted authorized the Appellate Division to examine the record *de novo*. We agree with its conclusion that the office was vacant after June, 1936, because of the plaintiff's failure to qualify himself therefor in accordance with the directions of the Public Health Council, and that he was, therefore, entitled to no recovery for the period from December 1, 1936, to October 9, 1937, when he was again appointed to the then vacant office on his fulfillment of the conditions which the Public Health Council had imposed.

For the period subsequently to the plaintiff's appointment on October 9, 1937, the Appellate Division allowed him a recovery upon the basis of his salary as fixed by the

City Council in amounts which for part of this period were less than the minimum salary of a health officer prescribed by section 21 of the Public Health Law (Cons. Laws, ch. 45). Plaintiff contends that the City Council had no power so to fix his salary.

We think this contention is not open to him in the face of the undisputed fact that after his appointment on October 9, 1937, he failed to file his official oath of office within the time prescribed by section 30, subdivision 8, of the Public Officers Law (Cons. Laws, ch. 47). On that default the appointment was vitiated and the office again became vacant. (*People ex rel. Walton* v. *Hicks*, 173 App. Div. 338; 221 N. Y. 503.)

Plaintiff was thus entitled to no recovery for either of the periods in question and his complaint should have been dismissed. The defendant city cannot now have that relief, however, in view of its failure to appeal to this court.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.