Donald P. Gorman, J.
This is an application against John Ladd, Victor Lesniak and Max Sterling, members of the Town Board of the Town of Schuyler, and George Luther, as purported member of said Town Board, for an order directing the removal of George Luther as Justice of the Peace of the Town of Schuyler.
Chronologically, following the death of the then incumbent Supervisor, the Town Board, at a special meeting on July 15, 1958, moved to appoint John Ladd Acting Supervisor to sign payroll checks. At an adjourned special meeting held on Saturday, July 19, 1958, to appoint a Supervisor, John Ladd, having resigned as Justice of the Peace, was duly appointed to fill the position for the balance of the calendar year. He was immediately sworn into office by Justice of the Peace Lesniak, and signed the oath book and the oath of office card. Thereafter, at the same meeting, George Luther, a member of the Town Board, resigned as Councilman and was appointed Justice of the Peace; Supervisor Ladd having cast an affirmative vote. Supervisor Ladd informed the insurance agent of the titular changes in the Town Board and procured coverage by bonds. The effective date of his bond was 12:01 a.m., Saturday, July 19, 1958, more than 12 hours before the voting. The bond was subject to approval by the board. Board approval was obtained at a meet *564 ing held on Saturday, July 26, and the bond was duly filed on Tuesday, July 29,1958.
No question is here raised as to the qualification of George Luther as Justice of the Peace, but challenged specifically is the power of the board to have affirmed his appointment on July 19, 1958, prior to the time when Supervisor Ladd had filed his official bond.
Section 25 of the Town Law provides that: “ Before he enters on the duties of the office, and within fifteen days after the commencement of the term of office for which he is chosen, every town officer shall take and subscribe * * * the constitutional oath of office * * * and within eight days be filed in the office of the county clerk. Each supervisor * * * before entering upon the duties of his office, shall execute and file in the office of the clerk of the county * * * an official undertaking, conditioned for the faithful performance of his duties, in such form, in such sum and with such sureties as the town board shall direct and approve and such approval shall be indicated upon such undertaking * # * The filing of such oath and undertaking, when required, shall be deemed an acceptance of the office * * * A neglect or an omission to take and file such oath, or a neglect to take and file within the time required by law such undertaking, when required * * * shall be deemed a refusal to serve and the office may be filled as in case of vacancy ’ ’.
It is conceded that Supervisor Ladd duly qualified for office within the statutory limits so that section 30 (subd. 1, par. h) of the Public Officers Law and the case law construing that section have no present application. It is also unquestioned that Mr. Ladd did everything possible to comply with qualification requirements before entering upon his new duties as Supervisor. There is no suggestion of fraud, bad faith or unfair dealings in any of the proceedings here controverted.
The law is by no means settled as to whether the statutory requirements relative to filing of official oaths and bonds are directory or mandatory. (See Foot v. Stiles, 57 N. Y. 399; Pryor v. City of Rochester, 57 App. Div. 486, mod. 166 N. Y. 548; People ex rel. Woods v. Crissey, 91 N. Y. 616; 11 Op. St. Comp. 580, 1955; but see People ex rel. Walton v. Hicks, 173 App. Div. 338, affd. 221 N. Y. 503.) However, the generally accepted principle that official bonds, required of those officers handling public funds or property, are primarily intended for the benefit of the public (Glavey v. United States, 182 U. S. 595; United States v. Eaton, 169 U. S. 331) should be borne in mind. So too, if possible, should effect be given to the judicial inclina *565 tion to hold that where official acts are to be construed, statutory-prescriptions in regard to time, form and mode of proceeding by public functionaries are generally directive. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 172; People ex rel. Huff v. Graves, 277 N. Y. 115; People v. Karr, 240 N. Y. 348; Matter of Rochester Gas & Elec. Corp. v. Maltbie, 272 App. Div. 162.) Legislative purpose is controlling. Thus while filing requirements relative to official undertakings may be mandatory in instances involving vacancies or receipt of public funds, it would seem that they may be considered directory where, as here, the question of acting as a member of a town board operating in its official capacity is concerned. Otherwise “ government in some special feature might come to a standstill”. (People ex rel. Huff v. Graves, supra, p. 119.) Absence of any statutory provision negating the validity of an officer’s acts performed prior to the filing of his bond lends support to this construction.
The petition is dismissed.