Richard D. Simons, J.
This is an article 78 proceeding seeking an order to declare vacant the offices of Justice of the Peace, Town Councilman and Town Clerk of the Town of Frankfort, New York.
The respondents Zito, Tassa and Falcone, respectively, were elected to those offices in November of 1963 for two-year terms commencing on January 1, 1964. Elected at the same time and for the same term was Supervisor Edward Freedman.
On January 2,1964 respondents Tassa and Zito executed their oaths of office as Town Councilmen and delivered them to Supervisor Freedman for filing in the office of the Clerk of Herkimer County. On the 31st day of December, 1963 the respondent Falcone executed his oath of office and delivered it to Edward Freedman for filing in the County Clerk’s office.
Respondents’ oaths were not filed. Edward Freedman died March 14, 1964. The oaths were found among his p'apers and were subsequently filed in the County Clerk’s office March 24, 1964. Undertakings were filed in the Herkimer County Clerk’s office by James Falcone on March 24, 1964 and by Bennie Zito on April 15,1964.
The jurisdiction of the court to entertain this proceeding under article 78 has been questioned. Title to public office is usually tried by a quo warranto proceeding (Executive Law, § 63-b), but the courts have entertained similar proceedings in the nature of mandamus under circumstances, as here, where there are no disputed questions of fact. (Matter of Sylvester v. Mescall, 277 App. Div. 961; Matter of Schlobohm v. Municipal Housing Auth. of City of Yonkers, 270 App. Div. 1022; People ex rel. Howard v. Board of Supervisors of County of Erie, 42 App. Div. 510, affd. 160 N. Y. 687; Matter of Mapes v. Swezey, 199 Misc. 997, affd. 278 App. Div. 959; Matter of Felice v. Swezey, 278 App. Div. 958.)
Petitioner charges that the execution of the oaths of office and delivery of them to the Supervisor of the Town of Frankfort *1024 was not sufficient compliance with section 30 of the Public Officers Law[1] and section 25 of the Town Law[2] and that the offices are, therefore, vacant.[3]
People ex rel. Walton v. Hicks (173 App. Div. 338, affd. 221 N. Y. 503) and Ginsberg v. City of Long Beach (286 N. Y. 400) held that when the oath of office is not filed within the statutory period, the office becomes vacant. (Cf., also, People ex rel. Preston v. Keator, 169 App. Div. 368; Matter of Yakel, 118 Misc. 641.)
It is respondents’ contention that the statute is directory only, that having filed the oaths and undertakings, albeit tardily, they are now legal occupants in their respective positions. Bach respondent claims he did, in fact, execute his oath within the statutory time limit and that the failure in compliance was not respondents, hut that of the Supervisor. They argue that it would be impossible to -say that they refused to occupy their office when, in fact, they did execute their oaths. Further they assert that the rule in respect to elected officials differs from that for appointed officials found in the Ginsberg and Hicks cases (supra).
*1025 While there have been some cases indicating that under certain circumstances these statutory requirements should be considered directory, I find none so holding when the question directly in issue was whether or not the office was vacant. While the decisions are not entirely consistent, variance from the holdings of Ginsberg and Hicks is found for the most part in those cases turning upon the question of whether or not the acts or services of the incumbent office holder are legal and binding on the municipality. (Cf. Foot v. Stiles, 57 N. Y. 399; Pryor v. City of Rochester, 57 App. Div. 486, mod. 166 N. Y. 548; People ex rel. Wood v. Crissey, 91 N. Y. 616; Matter of Sullivan v. Ladd, 14 Misc 2d 562.)
There is nothing inconsistent in determining that the acts of public officials may be valid and binding although their right to office is imperfect. The courts consider these requirements directory only for official acts but mandatory when applied to individual rights. Minor omissions by public officials should not be construed to void their actions and proceedings. But when the duty rests upon the individual to act and his failure to act results in loss to himself only and not the public at large, such requirements have generally been held mandatory. (People ex rel. Huff v. Graves, 277 N. Y. 115, 119; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 172.)
As the court said in People ex rel. Walton v. Hicks (supra, p. 341): “ This statute is emphatic and unequivocal. It does not seem possible that it can be misunderstood. In case a person appointed to office neglects to file his official oath within fifteen days after notice of appointment or within fifteen days after the commencement of the term of office, the office becomes vacant, ipso facto. That is all there is to it. No judicial procedure is necessary; no notice is necessary; nothing is necessary. The office is vacant, as much so as though the appointee Avere dead; there is no incumbent, and the vacancy may be filled by the proper appointive power.”
The fact that the respondents took the oath is not determinative. The requirement is that the oath be filed also. (Public Officers Law, § 30, subd. 1, par. h.) That their Supervisor failed to file the oath is the risk which they assumed by delivering it to him. The obligation imposed by the statute is clearly personal Avhich each respondent alone was required to fulfill. The fact that the County Clerk did not notify the Town Board of the failure in respect to filing pursuant to section 13 of the Public Officers Law is not an excuse. Any supposed failure on the County Clerk’s part cannot serve to perfect or perform an act which respondents were required to do but omitted.
*1026 No good reason has been pointed out to the court, nor does the court discern any, for distinguishing between appointed and elected officials in regard to section 30 of the Public Officers Law. The statute is applicable to both and it would appear that the reasoning of the Hicks and Ginsberg cases apply alike to elected and appointed officials.
The offices of Justice of the Peace, Town Councilman and Town Clerk, now occupied by respondents, are declared vacant and shall be filled as prescribed by law.

. Public Officers Law, § 30, subd. 1, par. h:
“1. Every office shall be vacant upon the happening of one of the following events before the expiration of the iteran thereof :* * *
“h. His refusal or neglect to file his official oath or undertaking, if one is required, before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term; or to file a renewal undertaking within the time required by law, or if no time be so specified, within thirty days after notice to him in pursuance of law, that such renewal undertaking is required.”

. Town Law, § 25:
“Before he enters on the duties of the office, and within fifteen days after the commencement of the term of office for which he is chosen, every town officer shall take and subscribe before an officer authorized by law to administer oaths in his county, the constitutional oath of office and such other oath as may be required by law, which shall be administered and certified by the officer taking the same without compensation, and within eight days be filed in the office of the county clerk. * * * A neglect or an omission to take and file such oath, or a neglect to take and file within the time required by law such undertaking, when required, except in the case of justices of the peace, shall be deemed a refusal to serve and the office may be filled as in case of vacancy. The undertaking of a town officer provided by this section shall be in addition to any undertaking otherwise required by law.”

. Section 2 of chapter 748 of the Laws of 1944, provides that subdivision 8 [now subd. 1, par. h] of section 30 of the Public Officers Law shall supersede any inconsistent provisions of any other general or special law and shall be controlling. This removes any exceptions for Justices o-f the Peace found in section 25 of the Town Law.