Memorandum.
The order appealed from should be reversed, without costs, and the petition dismissed. It was not, we think, the intention of the Legislature by the enactment and various amendments of the applicable statutes (Public Officers Law, §§ 10, 30; Town Law, § 25) to set a trap for the unwary by confusing the proper office in which the qualifying oath of office of a town officer should be filed. Under the peculiar and unique statutory situation here presented, we consider that the filing within the time limited by section 30 (subd. 1, par. h) of the Public Officers Law of the oath of a town officer in either the County Clerk’s office or the Town Clerk’s office is sufficient. Appellants ’ oaths of office were taken on December 31, 1963 and January 2, 1964, before the Town Clerk who was authorized by law to take them and his signature to the jurat completed the necessary procedure in taking these oaths. They were in the possession of the Town Clerk at that time, and this, in law, was sufficient to constitute filing with him. That was enough in our judgment to qualify these elected officials of the Town of Frankfort. The subsequent delivery of possession of the oaths to the Supervisor, after their filing with the Town Clerk, was a mere irregularity which did not impair the title of appellants to their offices.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order reversed, etc.