Gerald Nolan, J.
The petitioner alleges that she is the duly elected Receiver of Taxes of the Town of Carmel, in Putnam County, and that in May, 1966 the Town Board of the town wrongfully declared the office of ‘ ‘ Tax Collector ’ ’ vacant, because of her alleged failure to file the undertaking required by section 25 of the Town Law. She seeks in this proceeding a judgment annulling and setting aside the resolution of the Town Board and declaring that she continues to hold the office of Receiver of Taxes of the Town of Carmel and that the undertaking filed by her with the Town Clerk is sufficient in law. It is alleged in her petition that she entered upon the performance of her duties on January 1, 1966, and that she has performed and continues to perform all of the duties of that office, from January 1 to the present time. She further alleges that no official notice, by any legally constituted authority of the Town of Carmel was given her, prior to April, 1966, that there was no bond filed on her behalf. On April 18 she was requested to file an application for an undertaking, and she completed such application and caused it to be delivered to the Royal Globe Insurance Co., which had acted as surety on undertakings filed by her in previous years, and she believed that the undertaking had been filed. Concededly, it was not filed, and on May 6, according to her petition, she was notified by the Supervisor of the Town that the Town Board required that she file an undertaking for the faithful performance of her duties by May 11, 1966, and on May 10 she caused to be filed an undertaking with the Town Clerk, with sufficient sureties. It is further alleged that on May 12, 1966, the Supervisor delivered to her a resolution of the Town Board which disclosed that the Town Board *425 had accepted the undertaking filed, only as a partial compliance with the requirements of the Town Law, and directed her to file a further undertaking. On May 23 she filed an additional undertaking, but the Town Board had on or prior to that date declared the office of Tax Collector vacant. She further alleges that several members of the Town Board neglected and omitted to file undertakings, and consequently had failed to qualify for the offices which they had purported to fill.
It seems clear from the papers submitted that petitioner is not, as she appears to assert, the Receiver of Taxes and Assessments of the Town of Carmel, but is the Collector of Taxes and that her term of office commenced and she was required to take office immediately after her election, upon qualifying as prescribed by law (Town Law, § 24). Presumably, since there is no question as to her election, she received her certificate of election and presumably she also took and filed her oath of office on or prior to January 1, 1966, since she entered upon her duties on that date, and no claim is made to the contrary. It is asserted in the answer, and the affidavits filed by the respondents, and not denied, that the Town Supervisor immediately subsequent to and repeatedly after January 15, 1966, advised petitioner to file a surety bond in the penal sum of $30,000, and that undertakings filed by her on May 10 and May 18 were found to be insufficient, and that a further purported undertaking submitted on May 25,1966, was not considered by respondents because her office had been declared vacant prior to that date.
It will be assumed, since the question is not raised by respondents, that they concede that their determination, which petitioner seeks to review, is reviewable pursuant to article 78 of the CPLR, despite the fact that the Town Board is a legislative body (cf. Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20; Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174). It is respondents’ position that petitioner has failed to file the undertaking required by section 25 of the Town Law within the time required by that statute and that, consequently, that neglect or omission should be considered a refusal to serve, and that the office of Tax Collector is vacant. Section 25 of the Town Law requires the Collector before entering on the duties of his office and within 15 days after the commencement of his term to take and file an oath of office, and to execute and file in the office of the County Clerk an undertaking in such form and with such sureties as the Town Board shall direct and approve, conditioned for the faithful performance of his duties, and that the neglect to take and file such oath or undertaking, within the time required by law shall be deemed a refusal to serve, and the *426 office may be filled, as in the case of vacancy. The Public Officers Law provides by section 30 (subd. 1, par. h) that every office shall become vacant upon the refusal or neglect of the incumbent to file his official oath or undertaking, if one is required before or within 30 days after the commencement of the term of office for which he is chosen, if the office is an elective office. The present statute (§ 30, subd. 1, par. h) is former subdivision 8 of section 30, as renumbered and amended, and the former statute superseded inconsistent provisions of any other general or special laws (L. 1944, ch. 748, § 2).
It seems clear from the pleadings and proof that petitioner has not at any time executed and filed an undertaking with such sureties as the Town Board was willing to approve as full compliance with the statute and that the undertakings filed, except that filed May 10, 1966, were not approved by the board as to form or sufficiency of sureties. Nevertheless, it may be questionable whether the failure to file an acceptable undertaking may be held, under the circumstances disclosed, to be a refusal to serve, resulting in a vacancy in office, on consideration of the provisions of section 25 of the Town Law alone (cf. Matter of Fitzgerald, 88 App. Div. 434). Section 25 of the Town Law, insofar as it provides that on such omission the office may be filled as in the case of vacancy, must be read, however, with section 30 of the Public Officers Law, which specifies the circumstances under which such vacancies occur, and on consideration of the provisions of both statutes it is evident that on May 20, 1966, the date when respondents declared the office of Tax Collector vacant, the office was unquestionably vacant.
Although section 24 of the Town Law provides that each collector shall take office immediately after his election, upon qualifying as prescribed by law, and it was evidently intended that a collector should not be considered as qualified until he had filed his oath and undertaking (Town Law, § 25), petitioner’s term of office commenced, nevertheless, immediately after her election, whether she qualified and took office at that time or later (see Town Law, § 341, subds. 4 and 9: § 64, subd. 4; cf. Matter of Mitchell v. Prendergast, 178 App. Div. 690, affd. 222 N. Y. 543; People v. Keeler, 17 N. Y. 370, 374). Upon her election, which is not questioned, petitioner became the incumbent of the office of Collector of Taxes, and it is not disputed that she has acted as collector, pursuant to her election, at least since January 1, 1966. It is also evident that, whether her term commenced immediately after her election in 1965, or as she apparently contends, on January 1, 1966, she did not file *427 the undertaking required by section 25 of the Town Law before or within 30 days after the commencement of the term of office for which she was chosen. Her official acts, performed as a de facto officer, were valid (cf. Matter of Collins, 75 App. Div. 87); but on her omission to file the undertaking required by law within the time specified in section 30 of the Public Officers Law, her office became vacant, ipso facto, and no judicial proceeding or declaration of the Town Board was necessary to bring about that result (cf. People ex rel. Walton v. Hicks, 173 App. Div. 338; Ginsberg v. City of Long Beach, 286 N. Y. 400; Matter of Entwistle, 44 Misc 2d 1022, revd. on other grounds 17 N Y 2d 6). There is no longer any incumbent of the office, and it may be filled as provided in subdivision 5 of section 64 of the Town Law. Petitioner’s failure to file the required undertaking may not be excused because no one notified her that her undertaking had not been filed, nor is the vacancy in her office in any way affected by the fact that other town officers may have failed to qualify. Although it does not appear that any express authority has been given respondents to declare petitioner’s office vacant, she is not aggrieved by their declaration and respondents are entitled to judgment dismissing her petition on the merits.
Respondents ’ counterclaim is also dismissed, but without prejudice. Sufficient facts are not stated to establish the right of respondents to an accounting, or to a direction that money in petitioner’s hands be paid to them (see Real Property Tax Law, §§ 904, 940).