HON. DANIEL T. MANNING Town Attorney, Jay
We acknowledge receipt of your letter requesting our opinion whether the provisions of the Town Law or the Public Officers Law control: (1) before whom a town officer may take and subscribe his oath of office and (2) the time within which a town officer's oath of office and undertaking must be taken and filed.
The pertinent statutory provisions are as follows (emphasis supplied):
TOWN LAW
"§ 25. Oaths of office and undertaking
 "Before he enters on the duties of the office, and within fifteen days after the commencement of the term of office for which he is chosen, every town officer shall take and subscribe before an officer authorized by law to administer oaths in his county, the constitutional oath of office and such other oath as may be required by law, which shall be administered and certified by the officer taking the same without compensation, and within eight days be filed in the office of the county clerk.
 "Each supervisor, town clerk, collector, receiver of taxes and assessments, justice of the peace, constable, town superintendent of highways, and such other officers and employees as the town board may require, before entering upon the duties of his office, shall execute and file in the office of the clerk of the county in which the town is located, an official undertaking * * *.
 "A neglect or an omission to take and file such oath, or a neglect to take and file within the time required by law such undertaking, when required, except in the case of justices of the peace, shall be deemed a refusal to serve and the office may be filled as in case of vacancy. * * *"
PUBLIC OFFICERS LAW
"§ 10. Official oaths
 "Every officer shall take and file the oath of office required by law, and every judicial officer of the unified court system, in addition, shall file a copy of said oath in the office of court administration, before he shall be entitled to enter upon the discharge of any of his official duties. An oath of office may be administered by a judge of the court of appeals or by any officer authorized to take, within the state, the acknowledgment of the execution of a deed of real property, or by an officer in whose office the oath is required to be filed or by his duly designated assistant, or
may be administered to any member of a body of officers, by a presiding officer or clerk, thereof, who shall have taken an oath of office. * * *"
PUBLIC OFFICERS LAW
"§ 30. Creation of vacancies
 "1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
* * *
 "h. His refusal or neglect to file his official oath or undertaking, if one is required. before or within thirty days after the commencement of the term of office for which he is chosen, if and elective office, or if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term; or to file a renewal undertaking within the time required by law, or if no time be so specified, within thirty days after notice to him in pursuance of law, that such renewal undertaking is required. * * *"
There are obviously inconsistencies and conflicts between the Town Law and Public Officers Law in relation to both of the questions posed in your letter so a determination must be made as to which statute will control.
 ONE
The case of Entwistle v. Murtaugh, 17 N.Y.2d 6 (1966), was a case involving the same statutes above mentioned and a conflict therein as to the place where the oath of office of a town officer must be filed. The unanimous memorandum decision of the Court of Appeals reads as follows:
 "The order appealed from should be reversed, without costs, and the petition dismissed. It was not, we think, the intention of the Legislature by the enactment and various amendments of the applicable statutes (Public Officers Law, §§ 10, 30; Town Law, § 25) to set a trap for the unwary by confusing the proper office in which the qualifying oath of office of a town officer should be filed. Under the peculiar and unique statutory situation here presented, we consider that the filing within the time limited by section 30 (subd. 1, par. h) of the Public Officers Law of the oath of a town officer in either the County Clerk's office or the Town Clerk's office is sufficient. Appellants' oaths of office were taken on December 31, 1963 and January 2, 1964, before the Town Clerk who was authorized by law to take them and his signature to the jurat completed the necessary procedure in taking these oaths. They were in the possession of the Town Clerk at that time, and this, in law, was sufficient to constitute filing with him. That was enough in our judgment to qualify these elected officials of the Town of Frankfort. The subsequent delivery of possession of the oaths to the Supervisor, after their filing with the Town Clerk, was a mere irregularity which did not impair the title of appellants to their offices."
It is our opinion that the conflict in the statutes as to the proper officers before whom a town officer may take and subscribe his oath of office must be resolved on the same basis so that the oath of office of a town officer may be taken before any officer authorized to take oaths under the Public Officers Law, which includes all of those enumerated in the Town Law.
 TWO
The second inquiry can be resolved on the same basis as the first but we consider it unnecessary to use that reasoning because the legislative history of the conflicting statutes provides the answer to the question.
The time prescribed in each statute for filing the oath of office is, for the purpose of this discussion, the same as for filing the undertaking. Hereafter in this opinion the term "oath of office" should be construed as including the words "and undertaking".
Chapter 259 of the Laws of 1920 amended Public Officers Law § 30. At that time the provisions now contained in Public Officers Law § 30, subdivision 1, paragraph h, were contained in Public Officers Law § 30, subdivision 7. The amendment in 1920 renumbered the subdivision to be subdivision 8 without other apparent change. It required the oath of office to be filed within 15 days after commencement of the term of office if an elective officer, or, if an appointive officer, within 15 days after notice of appointment or after commencement of the term of office.
Chapter 634 of the Laws of 1932 constituted a general reenactment of the Town Law which, as so reenacted, provided, in section 25, for taking the oath of office within 30 days and filing it within 8 days. Section 25 of the Town Law was amended in 1933, 1934, 1935 and 1940 in other respects but did not change the provision for taking the oath within 30 days and filing it within 8 days thereafter.
In 1944, in what appears to be an apparent effort to conform the two statutes, Town Law § 25 was amended (Chapter 191 of the Laws of 1944) to reduce the 30 day provision to 15 days but leaving in the statute the provision for filing within 8 days thereafter and Public Officers Law § 30, subdivision 8, was amended (Chapter 748 of the Laws of 1944) in other respects, leaving therein the 15 day provision for taking and filing the oath. The net result was elimination of the conflict as to taking, but not as to filing, the oath of office. The Town Law amendment became a law on March 18, 1944 and the Public Officers Law amendment became a law on April 11, 1944 and as the Public Officers Law is the most recent enactment, it controls. Town Law § 25 has since been amended in 1953 and 1960 but the amendments do not relate to those provisions of the statute herein dealt with. In the year 1944, when a portion of the conflict was eliminated although a part was continued in spite of the amendment of each statute, the amendment to the Public Officers Law (the later amendment) contained, in section 2 of Chapter 748, the provision:
 "§ 2. The provisions of subdivision eight of section thirty of the public officers law, as amended by this act, shall supersede inconsistent provisions of any other general or special law and shall be controlling."
This provision made the Public Officers Law the dominant statute; and the subsequent amendments of the Town Law, which failed to alter the provisions of the Town Law in effect on the date the amendment to the Public Officers Law was passed have not changed the dominance of the Public Officers Law in this field.
The 15 day provision in the dominant Public Officers Law was changed to 30 days by Chapter 209 of the Laws of 1954 and subdivision 8 was redesignated subdivision 1, paragraph h. There has been no subsequent change.
In our opinion, based upon the foregoing analysis of the statutory history, the provisions of Public Officers Law § 30, subdivision 1, paragraph h are controlling as to the time within which a town officer must take and file the oath of office and to this extent supersede the provisions relating to the same subject contained in Town Law § 25.