Emmett J. Schnepp, J.
On June 25, 1976 the Board of Supervisors appointed plaintiff its County Commissioner of Social Services for a five-year term commencing July 1, 1976 and gave notice of its action by transmitting to him a certified copy of the resolution on the same day. On July 29, 1976 pursuant to rule 23 of the board’s "Rules and Order of Business” it first reconsidered its prior act and then defeated the resolution of appointment. On December 9, 1976 a new resolution seeking to reappoint plaintiff to the office of Commissioner of Social Services was also defeated. On December 13, 1976 the within action, seeking to enjoin the defendants from declaring the office vacant, restraining it from terminating plaintiff as such commissioner and from appointing another person to the said office and to declare that plaintiff is the legally constituted commissioner, was instituted.
Before the court is an application for a preliminary injunction pending a determination of the issues in the action. Defendants have made a cross motion for judgment on the *184 counterclaim interposed in their answer, in which it is claimed that the office is vacant by reason of plaintiff’s failure to file an oath of office as required by the Public Officers Law and for judgment dismissing the plaintiff’s complaint.
The facts, which are not in dispute, show that plaintiff was appointed to this office for a five-year term on or about July 1, 1966 and thereafter caused his official oath to be filed in the office of the Clerk of Ontario County. Subsequently on or about July 1, 1971 and on June 24, 1976 plaintiff was reappointed to successive five-year terms. At no time since July, 1966 has he filed an additional oath of office.
Plaintiff contends that the position is classified as noncompetitive under the Civil Service Law, that section 62 of this law governs the filing of his constitutional oath of office and does not require the filing of an additional oath, that the action of the board in reconsidering and defeating the resolution appointing him was illegal, that no charges were filed against him and that he has been appointed for a five-year term beginning July 1, 1976. Defendants claim the power to establish rules governing meetings and deliberations, that the board acted in accordance with its rules in reconsidering and defeating the appointment resolution before its action became final, that plaintiff is a public officer and that his failure to file an oath of office creates a vacancy in the office. Further, defendants claim that the action for declaratory judgment is not appropriate because the proceeding is brought to review the acts of the Board of Supervisors and to compel it to act in a certain way, that relief is available under CPLR article 78 and therefore the proceedings are not timely as not instituted within four months of the accruing of this action.
Section 116 of the Social Services Law provides that the chief executive officer of a county social services department, whether referred to as commissioner or otherwise, shall be in the noncompetitive class of the Civil Service, appointments shall be for terms of five years and made by the appropriate county body, provided the appointee meets the minimum qualifications required by the State Commissioner of Social Services. Section 62 of the Civil Service Law requires every person "employed by the state or any of its civil divisions” to take and file the constitutional oath before he is entitled to enter upon the discharge of his duties, and such oath is required only upon the original appointment, except under circumstances, which are not relevant here.
*185 Section 10 of the Public Officers Law provides that every officer shall take and file his oath of office before he shall be entitled to enter upon the discharge of his official duties. Section 30 (subd 1, par h) of the Public Officers Law provides that every office shall be vacant upon the refusal or neglect to file the official oath within 30 days after notice of appointment or the commencement of the term. The question for determination is whether the taking and filing of the official oath by plaintiff is governed by the Civil Service Law or the Public Officers Law, — is he an employee or a public officer — and is the office vacant by reason of his failure to file the required oath.
Section 400 of the County Law, which relates to the manner of selection of county officers, provides that the chief executive officer of a county welfare department shall be appointed in accordance with section 116 of the Social Services Law. Section 750 of the County Law provides that the County Commissioner of Public Welfare shall perform the duties prescribed by law in the administration of welfare assistance and perform such additional and related duties as may be prescribed by law and directed by the Board of Supervisors. Section 65 of the Social Services Law provides, among other things, that the County Commissioner of Public Welfare shall administer the public assistance and care for which the county welfare district is responsible and shall act as the agent of the State Department of Social Services in all matters relating to assistance and care administered or authorized by town public welfare officers.
A public office has been defined to be the right, authority, and duty created and conferred by law, the tenure of which is not transient, occasional, or incidental, by which for a given period an individual is invested with power to perform a public function for the benefit of the public. (47 NY Jur, Public Officers and Employees, § 1.)
The Commissioner of Social Services is the designation or title given to the office by law and the officer exercises functions concerning the public assigned to him by law. Neither his duties nor the duration of his term of office depend upon the terms of a contract and the person holding the office of Commissioner of Social Services is inseparably connected with that office and the officer exercises a portion of the sovereign power of the State. The position has been created by statute, the power of appointment delegated to the Board of *186 Supervisors and the position has the dignity of a public office. (47 NY Jur, Public Officers and Employees, § 13.) It is held that the Commissioner of Social Services is a public officer and not an employee and the filing of the oath of such office is governed by the provisions of section 30 of the Public Officers Law, which is applicable to him. Section 62 of the Civil Service Law applies to employees and is not applicable to public officers, merely because the public office is classified in the noncompetitive Civil Service.
No matter what view is taken or argument made, a vacancy now exists in this office. If, as plaintiff claims, the action of the board of June 24, 1976 became final and the appointment valid and its purported revocation by resolution of July 29, 1976 illegal, he has failed to file his official oath within 30 days after the commencement of the term. The obligation imposed by the Public Officers Law statute is personal to plaintiff, it is an act he is required to do and the office became vacant by the mere failure to file the oath, whether or not the defendants knew or were chargeable with notice that plaintiff had failed to file his oath, and they are not required to make any declaration or give any notice. On his default in filing his official oath "the appointment was vitiated and the office * * * became vacant.” (Ginsberg v City of Long Beach, 286 NY 400, 403; see, also, People ex rel. Walton v Hicks, 173 App Div 338, affd 221 NY 503.)
Conversely, the rules of the board provide for reconsideration of matters passed by it, and the June 25, 1976 appointment of plaintiff was reconsidered at the July 29, 1976 meeting and rescinded pursuant to its rules. The board had the power to make rules (County Law, § 153, subd 8) and plaintiff’s appointment was subject to reconsideration and change in accordance with the procedures and time limitations provided for by the rules. (People ex rel. Birch v Mills, 32 Hun 459; see, also, Thorne v Squier, 264 Mich 98, Ann, 89 ALR 126.)
The board acted within its powers on July 29, 1976, and in any event the office then became vacant. At that time plaintiff had not taken or filed his oath. The resolution appointing him to the term was reconsidered and his appointment then defeated — he was not removed from the office. There is no logical or legal basis on which he can lay claim to the office for the term beginning July 1, 1976.
The present status of plaintiff is that of a holdover Commis *187 sioner of Social Services in and for the County of Ontario and he may continue to discharge the duties of the office until his successor shall be chosen and qualified. (Public Officers Law, § 5; Matter of Vescio v City Manager of City of Yonkers, 69 Misc 2d 68, affd 41 AD2d 833.)
It is not necessary to pass on other questions raised by the parties. The motion of plaintiff is denied and the cross motion of defendant for summary judgment is granted. The complaint is dismissed, the relief sought by the answer granted and any restraining order vacated.