JOHN M. SHERIDAN, ESQ. County Attorney, Yates County Town Attorney, Barrington
FREDRICK M. HUNT, ESQ. Town Attorney, Starkey
We acknowledge receipt of your letters inquiring about the term of office of the individual who was appointed to the office of assessor in each of the Towns of Barrington and Starkey in Yates County effective on January 1, 1972. You have forwarded us certain background information in relation to the proceedings of the town boards of the two towns and the Yates County Civil Service Commission in relation to the appointment of the assessor. An inquiry in each instance is whether the assessor is serving a six-year term which will end in 1977 or whether the assessor is serving an indefinite term which continues until resignation or retirement unless sooner terminated for cause. Records of the two towns in relation to the appointments indicate joint meetings of the town boards, special town board meetings and regular town board meetings. We have seen no indication in relation to special town board meetings of the manner in which they were called, i.e., whether the necessary statutory notice was given under Town Law § 62 or, if it was not, whether it was waived. Under Town Law § 62 the only authority for a town board to meet outside of the town is where provision is made by law for joint meetings of town boards. We find no such provision in relation to the appointment of one assessor by two different towns; the Real Property Tax Law has none and the provisions of General Municipal Law §§ 119-m,119-n and 119-o, which constitute the Municipal Cooperation Statute, neither call for, necessitate nor authorize joint meetings of two town boards to enter into municipal cooperation agreements.
Under Real Property Tax Law § 576, subdivision 1, it is contemplated that one individual can serve as assessor for more than one municipality pursuant to a municipal cooperation agreement. The position of town assessor is made a public office under the provisions of Town Law § 20, subdivision 1, paragraphs a and b, and referred to as an office in Real Property Tax Law § 1522. There is the salutary rule that a person selected by election, appointment or otherwise to fill an office, holds the office for the statutory term and under the statutory conditions, even though at the time of selection there was a misunderstanding as to what the satutory term and conditions might be. (See enclosed copy of an informal opinion of this office reported in 1971 Op Atty Gen 49.) There is also the proposition that a mistake or misunderstanding by the Civil Service authorities, the appointing agency or the appointee can not alter the legal rights and obligations of the parties.
In responding to your inquiry, we will assume that there was a municipal cooperation agreement, and that the appointment was a valid appointment by each town of the same individual to the office of its own assessor. Upon this basis, it appears that in October, 1971, each town appointed the assessor effective on January 1, 1972; the appointments were made before the competitive examination was given and thus, under Civil Service Law §§ 64 and 65 and the appropriate Civil Service Rules and Regulations the appointments could only be provisional or temporary; thereafter the examination was given and the appointee passed and was placed upon an eligible list and on April 18, 1972, was designated as a probationary appointee, the probationary term having been fixed at a period of six months; at the end of six months, no action having been taken by either town to terminate its appointment of the assessor, it was considered that the probationary term matured into a permanent appointment.
Because the town assessor is a town officer, it was necessary under Town Law § 25 and Public Officers Law § 10, that the oath of office specified in the New York Constitution Article XIII, § 1, be taken and filed by the assessor for each of the two offices. The Public Officers Law requires that this be done within 30 days and filed in the town clerk's office and the Town Law provides that it be done within 15 days and then filed within eight days in the county clerk's office. Under the ruling in Entwistle v Murtaugh, 17 N.Y.2d 6 (1966), this dual treatment of the subject matter can not be construed as a trap for the unwary and consequently the taking and filing of the oath and its filing in either of those two offices within 30 days is sufficient. As reported to this office by telephone by the offices of the Yates County Clerk, the Barrington Town Clerk and the Starkey Town Clerk, no oath of office was filed in the office of the Town Clerk of the Town of Barrington or the office of the Yates County Clerk in relation to the office of assessor for the Town of Barrington and, in relation to the office of assessor for the Town of Starkey, the oath of office was filed in the office of the Town Clerk of the Town of Starkey on February 5, 1972, and in the office of the Yates County Clerk on February 6.
In our opinion, the 30 day period for filing the oaths of office commenced running on January 1, 1972 and as no oath of office was filed within 30 days, both offices became vacant under the provisions of Public Officers Law § 30, subdivision 1, paragraph h. (Boisvert v County of Ontario, et al, 391 N.Y.S.2d 49, 89 Misc.2d 183, unanimously affirmed on the opinion below, 57 A.D.2d 1051 [1977]; 1975 Op Atty Gen 247; 1976 Op Atty Gen 336.)
This conclusion may raise the question of the validity, or legality, of assessment rolls and tax levies. The question need not be cause for concern. The acts of the assessor during this period were acts of a defacto officer and have the same validity as they would if they had been performed by a de jure officer. (See enclosed copy of an informal opinion of this office reported in 1973 Op Atty Gen 145.)
You also inquired whether the office or function of assessor can be filled by a person having fewer, lower or different qualifications from those established by the State Board of Equalization and Assessment under the authority of Real Property Tax Law § 1522, subdivision 4. In our opinion, this can only be done by the State Board of Equalization and Assessment or the State Legislature.