Daniel G. Schum, Esq. Attorney for the Town of Ogden
We acknowledge receipt of your letter inquiring whether an alien may be appointed to the position of Director of Finance in your town.
In an informal opinion of this office published in 1971 Opinions of the Attorney General 190 (copy enclosed), we concluded that the town position of Director of Finance is a town office. For a person to hold a public office, including a town office, that individual must have certain qualifications, including being a citizen of the United States (New York Constitution Article II § 1; Public Officers Law § 3; Election Law § 5-102(1); and Town Law § 23. [This is implicit in the expression in the Town Law that the holder of an office must be "an elector of the town"; in order to be an elector, that is, to be able to vote, one must be a citizen]).
I suggest your careful examination of another informal opinion of this office, a copy of which we enclose, published in 1976 Opinions of the Attorney General 336. The opinion discusses in some detail the difference between an officer and an employee and also deals with the requirement that a public officer must file an oath to uphold the Constitutions of the United States and of the State of New York whereas an employee files only a statement. About two weeks later, in Boisvert v County ofOntario, 89 Misc.2d 183, affirmed "on the decision at Special Term",57 A.D.2d 1051 (4th Dept), the Court reached the same conclusion.
We note that there has been litigation recently over whether New York's requirement of citizenship is a denial of equal protection of the laws under the Fourteenth Amendment of the United States Constitution. SeeSugarman v Dougall, 413 U.S. 634 (1973) (prohibiting aliens from entering the New York classified civil service is unconstitutional); Foley vConnelie, 435 U.S. 291 (1978) (New York may require state police to be citizens); and Ambach v Norwick, 441 U.S. 68 (1979) (New York may exclude from public school teaching aliens who refuse to seek citizenship). All these cases start with the "general principle that some state functions are so bound up with the operation of the State as a governmental entity as to permit the exclusion from those functions of all persons who have not become part of the process of self government". (Ambach, supra,441 US at 73-74.) Citizenship may be required of "officers who participated directly in the formulation, execution, or review of broad public policy". (Sugarman, 413 US at 647.) For the reasons set out earlier, we believe that the office of Town Director of Finance fits the United States Supreme Court's statement of the general principle quoted above.
In our opinion, an individual must be a citizen of the United States in order to be appointed Director of Finance of a town.