■ RONALD E. BOSER, Respondent, v. UNIROYAL, INC., Appellant.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs. Memorandum: In this breach of warranty action for personal injuries allegedly caused by the blowout of a tire manufactured by defendant-movant, the interrogatories numbered 11. (b) (I) through (V) should not have been stricken. By the affirmative answer given to the interrogatory numbered 11. (a), plaintiff stated that tests or experiments with the tire had been conducted in connection with the claim set forth in the complaint. Such tests might reasonably be expected to be offered as evidence on the trial. The interrogatories which have been stricken would provide a description of the tests and the names and qualifications of the persons by whom they were conducted and would also identify the reports and records relating to the experiments so that defendant, if so advised, might with sufficient specification seek discovery and inspection of them. The answers to these interrogatories would enable the defendant to determine whether the reports enjoyed a conditional privilege against disclosure as material prepared for litigation or whether, if so privileged, the privilege was overcome by special circumstances justifying disclosure (*Rios* v. *Donovan*, 21 A D 2d 409; *City of Binghamton* v. *Arlington Hotel*, 32 A D 2d 715). The order disallowing the interrogatories is appealable (*Uline* v. *New York Cent. & Hudson Riv. R. R. Co.*, 79 N. Y. 175). (Appeal from part of order of Erie Special Term, striking interrogatories, in negligence action. Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Cardamone, JJ.