■ In the Matter of the CITY OF ROCHESTER, Respondent, Relative to Acquiring Title to Real Property for the Southeast Loop, Urban Renewal Project, in the City of Rochester. CHESTERFIELD APARTMENTS, INC., Appellant.—Judgment unanimously affirmed, without costs, on the opinion at Trial Term, Boomer, J. (Appeal from judgment of Monroe Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ GEORGE E. BOISVERT, Appellant, v COUNTY OF ONTARIO et al., Respondents.—Judgment and amended judgment unanimously affirmed, without costs, on the decision at Special Term, Schnepp, J. (Appeal from judgment and amended judgment of Ontario Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ DELL'S HOUSE OF KITCHENS, INC., Respondent, v DONALD OWENS, Appellant. Motion granted and appeal dismissed, without costs (see *Walsh v Syms,* 51 AD2d 645).

■ Jo A. BERG et al., Appellants v GENESEE HOSPITAL, Respondent. (And Another Action.)—Motion granted and appeal dismissed without costs. (See *Randall v Randall,* 56 AD2d 923.)

■ In the Matter of GERALD SCHULTZ. —Application for admission to New York State Bar and for leave to appeal to Court of Appeals denied. Memorandum: Petitioner was certified by the Board of Law Examiners on December 13, 1976 and submitted his application for admission on January 25, 1977. Between September and December, 1976 he maintained a New York residence and a Pennsylvania residence. During that period, however, he actually resided at the Pennsylvania residence and was employed as the office administrator for a legal assistance organization in Wilkes-Barre, Pennsylvania. Since September 1976, he has continuously resided and been employed in Pennsylvania. In as much as residency is a question of law, the application has been considered by the court in the first instance and has not been referred to the Committee on Character and Fitness. Petitioner does not now claim that he is a New York resident and there is nothing in his moving papers to show "that he has been an actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice and that such residence has continued until the final disposition of the application for admission to practice", as required by CPLR 9406 (subd 2). (See *Matter of Lotsoff,* 42 AD2d 923, affd 34 NY2d 952.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v WILLIE THOMAS and SAMMY THOMAS, Defendants.—Motion for change of venue denied. Memorandum: On this application it does not appear that a fair trial cannot be obtained in Cayuga County, and at this time we deem the motion premature (see *People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982). Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ In the Matter of JAY ADVERTISING, INC., Respondent, v DEL MAR BEN, INC., Appellant.—Motion for stay denied. Cross motion to dismiss appeal as nonappealable denied. (See *Boser v Uniroyal,* 39 AD2d 632).