■ In the Matter of FRANCIS M. COMINS, Petitioner, v COUNTY OF DELAWARE, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Delaware County) to review a determination of the Board of Supervisors of Delaware County, which dismissed petitioner from his position as Commissioner of Social Services for Delaware County. In May, 1972, petitioner was appointed by the Board of Supervisors of Delaware County to serve as that county's social services commissioner for a term of five years. The board's social services committee brought various charges against petitioner in June, 1976. A hearing involving several sessions was held pursuant to section 75 of the Civil Service Law and, on February 9, 1977, the board approved a resolution dismissing petitioner from his position as Commissioner of Social Services. Petitioner then commenced two article 78 proceedings seeking, in the first, to compel respondent to pay him his salary from January 1, 1977 until May 31, 1977 and, in the second, seeking annulment of the dismissal and reinstatement to his previous position. In its answers, respondent alleged, as an affirmative defense, that petitioner did not file an oath of office as required by section 30 of the Public Officers Law and thus, a vacancy in the office automatically occurred. Accordingly, respondent argued that petitioner was only a *de facto* officer at the time of his termination and no hearings or judicial procedure were required in order to dismiss petitioner from office and no compensation was owed him. Respondent attached to its pleadings an affidavit of the Delaware County Clerk stating that the only oath of office filed by petitioner was dated and filed on December 4, 1975. Petitioner alleged in his petitions that he did file an oath of office within the required 30-day period. In a reply affidavit, petitioner attached two certificates of oath of office from the county clerk's office as evidence that he filed his oath of office twice, once within the 30-day period and once on December 4, 1975. Neither of these certificates is dated. Special Term treated both of petitioner's pleadings as one proceeding and transferred the proceeding to this court pursuant to CPLR 7804 (subd [g]). In its decision, Special Term noted that a factual issue had been raised by respondent concerning petitioner's timely filing of his oath of office but determined that it was unnecessary to resolve the factual issue in view of the fact that no action was taken to replace petitioner prior to the undisputed filing of his oath of office on December 4, 1975 and no action was taken for more than six months thereafter. It was thus concluded that petitioner's filing of his oath of office in December, 1975, coupled with the continuance by respondent of petitioner in office, constituted an appointment to continue for the balance of the original five-year term. Respondent's defense was, therefore, dismissed. We are of the opinion that Special Term improperly dismissed respondent's defense. Failure to file an oath of office within the time prescribed by section 30 of the Public Officers Law vitiates the appointment and the office becomes vacant *(Ginsberg v City of Long Beach,* 286 NY 400, 403). The fact that the board did not earlier move to dismiss petitioner, does not, in our view, constitute an appointment of petitioner to his position. When a person appointed to office fails to timely file his oath of office, neither notice nor judicial procedure is necessary, the office is automatically vacant and may be filled by the proper appointive power *(People ex rel. Walton v Hicks,* 173 App Div 338, affd 221 NY 503).

Consequently, if petitioner did in fact fail to timely file his oath of office, no hearing on charges was required in order to dismiss him from office. A resolution of this issue, therefore, is necessary in that a finding against petitioner would render superfluous a determination of the remaining issues raised by petitioner concerning the hearing pursuant to section 75 of the Civil Service Law. We would note in this regard that we find no merit in petitioner's contention that his appointment by the board constituted a contract entitling him to his full pay for his entire five-year term. The issue of petitioner's timely filing of his oath of office is a question of fact. CPLR 7804 (subd [h]) provides that if a triable issue of fact is raised in a proceeding such as the one now before us, it shall be tried forthwith. It is further provided therein that "Where the proceeding was transferred to the appellate division, the issue of fact shall be tried by a referee or at a trial term of the supreme court and the verdict, report or decision rendered after the trial shall be returned to, and the order thereon made by, the appellate division" (CPLR 7804, subd [h]). We will, therefore, withhold determination of the proceeding and remit the matter to the Trial Term of the Supreme Court, Delaware County, for a trial and decision resolving the issue of whether or not petitioner filed his oath of office within 30 days after notice of his appointment, or within 30 days after the commencement of his term pursuant to section 30 of the Public Officers Law. Determination of proceeding withheld, and matter remitted to the Trial Term of the Supreme Court, Delaware County, for a trial and decision in accordance with the decision herein. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.