■ In the Matter of BENJAMIN GRESHIN, Respondent, v SUFFOLK COUNTY LEGISLATURE et al., Appellants.—In a proceeding pursuant to CPLR article 78 which was converted into an action for a declaratory judgment, the appeals are from a judgment of the Supreme Court, Suffolk County, entered September 25, 1979, which granted the petition, declared petitioner to be a member of the Suffolk County Vanderbilt Museum Commission until December 28, 1981, declared the resolution of appellant county legislature purporting to appoint respondent John L. Mara to said commission null and void, and further declared that the appointment of appellant Neil Monaco to said commission did not take effect and that he is not a member of said commission. Judgment affirmed, without costs or disbursements. No opinion. Gibbons, J. P., Rabin and Margett, JJ., concur.

Gulotta, J., concurs in part and dissents in part, with the following memorandum: In August of 1948 the County of Suffolk accepted from the estate of William K. Vanderbilt a gift of the decedent's home in Centerport, New York, together with a trust fund for the maintenance of this property as a public park and museum. Until June 13, 1966 this property, along with

the other county parks, was administered by the Suffolk County Park Commission; but on that date, by local law, the board of supervisors separated the administration of this property from that of the other parks and created the Suffolk County Vanderbilt Museum Commission to oversee its maintenance, management and administration. Appellant Suffolk County Legislature is the successor to the board of supervisors and presently appoints the seven trustees of the Vanderbilt Museum Commission. On or about December 20, 1977 there were four vacancies to be filled on the Vanderbilt Commission, two of them for full four-year terms (expiring on Dec. 28, 1981), and one each for two partial terms expiring on December 28, 1978 and December 28, 1979, respectively. On that date, however, the Legislature, by resolution, mistakenly appointed *three* individuals (including appellant Monaco and petitioner Greshin) to *four*-year terms expiring on December 28, 1981 and a fourth individual to the partial term expiring on December 28, 1979, thereby neglecting to fill the one-year vacancy and purporting to fill a four-year vacancy which did not then exist. The error was discovered by the County Attorney in early April, 1978 and remedial legislation was suggested. Subsequently, on April 25, 1978, the legislature attempted to rectify the situation by adopting two resolutions, one of which purported to revoke the appointment of petitioner Greshin and the other of which purported to appoint appellant Mara to the one-year term expiring on December 28, 1978. Petitioner thereupon instituted a CPLR article 78 proceeding to declare the foregoing resolutions invalid, which proceeding culminated in a judgment dated September 20, 1978, voiding the resolutions and reinstating petitioner Greshin to his office. An appeal was thereafter taken to our court, but during the pendency of that appeal the legislature, on December 28, 1978, adopted Resolution No. 1133-78 which provided, in pertinent part: "WHEREAS, pursuant to certain resolutions adopted on December 20, 1977, three appointments to positions on the Vanderbilt Museum Commission were made for terms to expire December 28, 1981; and WHEREAS, pursuant to advice of the County Attorney of Suffolk County, this legislature recognized that there was an error made in these appointments in that there were only two terms to expire December 28, 1981; and WHEREAS, this legislature adopted two resolutions on April 25, 1978 (Resolution Nos. 313 and 320) which corrected this error by declaring null and void the appointment of Benjamin Greshin by Resolution No. 1112-1977 and appointing John L. Mara to the position on the Vanderbilt Museum Commission which was occupied by Benjamin Greshin, for a term to expire December 28, 1978; and WHEREAS, litigation was commenced concerning the resolutions adopted on April 25, 1978 and this legislature is fully cognizant that this litigation is continuing; and WHEREAS, despite this litigation, this legislature wishes to continue the proper and orderly administration of the Vanderbilt Museum by the Vanderbilt Museum Commission; now, therefore, be it RESOLVED, that Dr. John L. Mara, of 2114 New York Avenue, Huntington Station, New York, be and hereby is reappointed as a member of the Suffolk County Vanderbilt Museum Commission for a term expiring December 28, 1982; and be it further RESOLVED, that this legislature determines that the appointment of Dr. Mara to this position is as the successor to the position which was previously occupied by Mr. Benjamin Greshin, the term of said position to expire on December 28, 1978." Thereafter, on August 20, 1979, our court affirmed the judgment dated September 20, 1978, but specifically declined to pass upon the length of petitioner's office, stating: "It would be inappropriate for this court in this proceeding to decide whether the Legislature intended that petitioner be appointed to the four-

year term, rather than either of the other two persons who were so appointed. Petitioner did not name those other persons as parties to the proceeding, nor did the appellants seek to have them joined. Due process requires that those appointees be given an opportunity to contest the claim that Greshin was appointed to a four-year term, a result which can be accomplished in the new CPLR article 78 proceeding instituted by petitioner, in which all the necessary parties have been joined." *(Matter of Greshin v Suffolk County Legislature,* 71 AD2d 917.) As indicated above, petitioner, by that time, had already commenced the instant CPLR article 78 proceeding requesting a judgment (1) establishing his status as a member of the Vanderbilt Museum Commission for a term expiring December 28, 1981 and (2) nullifying the appointment of appellant Mara in his place pursuant to Suffolk County Resolution No. 1133-78. Special Term ultimately converted the proceeding into an action for a declaratory judgment and thereon, *inter alia,* (1) declared petitioner to be a member of the Vanderbilt Commission until December 28, 1981, (2) voided the resolution *purporting* to appoint appellant Mara to the term formerly occupied by the petitioner, and (3) declared that the appointment of appellant Monaco (who was one of the three appointed to a four-year term by the original resolution of Dec. 20, 1977) had failed to take effect. This appeal followed. I would modify the judgment by deleting the provisions noted above and substituting therefor a provision (1) declaring that the petitioner's term of office as a trustee of the Vanderbilt Museum Commission duly expired on December 28, 1978 and (2) further declaring that appellant John L. Mara was duly appointed as a member of the said commission to the term formerly occupied by petitioner Greshin. In my view, Special Term erred in concluding that the failure of appellant Monaco to file his oath of office within the time prescribed by section 30 (subd 1, par h) of the Public Officers Law resulted in the creation of a vacancy in that office retroactive to the date upon which the appointments at issue were originally made. The cited statute clearly provides, *inter alia,* that: "Every office shall be vacant *upon the happening* of one of the following events before the expiration of the term thereof * * * h. His refusal or neglect to file his official oath or undertaking, if one is required, before or within thirty days after the commencement of the term of office for which he is chosen" (emphasis supplied). Thus, to my mind at least, the plain command of the statute is that any vacancy which may ultimately occur in an office by virtue of the failure to file an oath of office will not occur *in the first instance* until the expiration of the 30 days within which the oath may be filed, and it is for this reason that I cannot subscribe to the view adopted by Special Term that this *subsequent* failure on the part of appellant Monaco rendered his appointment to a four-year term void *ab initio* and thereby eliminated any possible discrepancy between the number and length of the various appointments and the number of available four-year terms (cf. *Boisvert v County of Ontario,* 89 Misc 2d 183, affd 57 AD2d 1051; *Matter of Mazzotti v Swezey,* 199 Misc 987, app dsmd 278 App Div 958). In my opinion, therefore, it remains to be determined which of the original three appointments were intended to be for the *two* available four-year terms expiring on December 28, 1981 and which was intended to be for the one-year term expiring on December 28, 1978. Clearly, the best source of legislative intent is the legislature itself. With this in mind, it should be noted that by Resolution No. 1133-78, dated December 28, 1978, the legislature purported to appoint appellant John L. Mara to a four-year term expiring December 28, 1982, and in the course of so providing, further resolved that "This legislature determines that the appointment of Dr. Mara

to this position is *as the successor to the position which was previously occupied by Mr. Benjamin Greshin, the term of said position to expire on December 28, 1978"* (emphasis supplied). In this manner, the legislature, to my mind, unequivocally indicated that it was the petitioner who was to have been appointed to the one-year term expiring on December 28, 1978, and in view of this clear expression of intent, I do not deem it crucial that the legislature never more specifically so resolved. Moreover, while it is undoubtedly true that the composition of the legislature which adopted Resolution No. 1133-78 was markedly different from that which had made the original appointments, the foregoing is not controlling as the county legislature may be considered to be a continuing body (see *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v City of Buffalo,* 123 App Div 141). Accordingly, I would hold that the legislature has validly determined that the petitioner was appointed to the one-year term expiring on December 28, 1978, and that appellant Mara was duly appointed as his successor. However, it would appear that the office formerly occupied by appellant Monaco has *now* become vacant, and that such vacancy occurred upon his failure to file his oath of office in compliance with the pertinent provisions of section 30 of the Public Officers Law (see Public Officers Law, § 30, subd 1, par h; see, also, *People ex rel. Walton v Hicks,* 173 App Div 338, affd 221 NY 503; *Boisvert v County of Ontario, supra; Matter of Mazzotti v Swezey, supra).* Thus, so much of the judgment under review as, in effect, declared the vacancy of that office, was properly made, my disagreement with Special Term on this issue being *when* the vacancy occurred.