James A Haynes, Jr., Esq. County Attorney, Chenango County
You ask whether a county board of supervisors ("board") may establish a probationary term in appointing a county superintendent of highways ("superintendent") under Highway Law, § 100 in order to allow the board to assess the abilities and performance of the appointee. You state that in your county the office of superintendent has been placed in the unclassified civil service and that there is no eligible list from which to make an appointment.
Highway Law, § 100 provides in part:
 "The board of supervisors of any county may appoint a county superintendent * * * and may remove such county superintendent for malfeasance or misfeasance in office, upon written charges, after an opportunity to be heard * * *. The term of office of each superintendent * * * shall be four years unless sooner removed by the board of supervisors as above provided, or by the department of transportation as hereinafter provided. If the board of supervisors of any county shall fail to appoint a county superintendent, the department of transportation shall appoint a county superintendent from the eligible list of the county * * *" (emphasis supplied.)
County Law, § 400, which pertains to the selection of county officers in general, provides in subsection 4, subparagraph (a) thereof in part:
 "(a) Appointive. There shall continue to be appointed in the manner prescribed by law a * * * county superintendent of highways * * *. No officer appointed for a fixed term shall be removed by the board during his term without written charges and the opportunity to be heard."
The civil service of the State is divided into the classified and unclassified service (Civil Service Law, § 35). Positions in the classified service are further divided into the competitive, non-competitive, exempt and labor classes (id., § 40). Appointments to positions in the competitive class are made from appropriate eligible lists based upon the candidates' attained ratings in competitive examinations (4 NYCRR, ch 1, Part 4, § 4.2[a]). Provision is made for the appointment to positions in the classified service on a probationary (Civil Service Law, § 63), temporary (id., § 64), and provisional (id., § 65) basis and for the removal from such positions (id.,
§ 75). In general, appointments to positions in the classified civil service are conditional in that they are subject to a specified probationary period (4 NYCRR, supra, 4.5[a]) and may be terminated during this period without reason being given, without charges being filed, and without a hearing (King v Sapier, 47 A.D.2d 114 [4th Dept, 1975], affd38 N.Y.2d 960 [1976]). Upon the successful completion of the probationary period, the appointment becomes permanent (4 NYCRR, supra, § 4.5[a][5][i]) and the appointee may not thereafter be removed except for incompetency or misconduct shown after a hearing upon stated charges as prescribed by Civil Service Law, § 75.
The probationary period applicable to positions in the classified civil service serves the purpose of enabling an appointing officer to terminate the employment of a candidate certified as eligible, when in fact the candidate proves to be incompetent and also furnishes the candidate with an opportunity to show fitness and provides a more acceptable and less embarassing means of terminating employment of an unsuccessful appointee (Albano v Kirby, 36 N.Y.2d 526 [1975]). It is designed and intended to determine finally the appointee's actual ability to perform satisfactorily (Altman v Lang, 44 Misc.2d 751 [Sup Ct, New York Co, 1965], affd 23 A.D.2d 820 [1st Dept, 1965], affd 17 N.Y.2d 464 [1965]).
The fact that in your county the office of superintendent is in the unclassified civil service does not, in our view, mean that your board cannot establish a probationary term for the position. While the probationary period established under Civil Service Law, § 63 and by rule (4 NYCRR, supra) applies only to positions in the classified civil service, nothing in either the statute or the rule prohibits an appointing authority from adopting a similar provision for certain positions in the unclassified civil service for the same purpose served by the statutory probationary period. There is nothing inherent in the unclassified status, or in the office of superintendent, itself, that would render a probationary term of appointment inappropriate to such office. In fact, the office is apparrently of a technical nature such that it has from time to time been placed in the competitive class of the classified civil service (Matter of Seely v Kaplan, 24 Misc.2d 381 [Sup Ct, Albany Co, 1960]) and has therefore been subject to the statutory probationary period. Furthermore, Highway Law, § 100 authorizes the department of transportation to fill the office by competitive class appointment from an eligible list where the board has failed to make an appointment. In that case, the appointment would be subject to the statutory probationary period (4 NYCRR, supra, § 4.5[a]).
In short, we find nothing in either the Civil Service Law or the rules adopted thereunder that prohibits your board from establishing a probationary term for the office of superintendent in the unclassified service. The question that arises, however, is whether such action by the board is prohibited by the requirement of Highway Law, § 100
that the term of office of the superintendent "* * * shall be four years * * *," or by the prohibition of County Law, § 400(4)(a) against removal except upon written charges, and after a hearing. While there is no authority directly on point with this issue, the general rule appears to be that, once appointed to a public office with a fixed statutory term, a public officer cannot thereafter be removed from office except in the manner prescribed by statute (Matter of Sullivan v Taylor, 279 N.Y. 364
[1939]; 1977 Op Atty Gen [Inf] 166). We do not believe that the rule prohibits your board from conditioning appointment to the full statutory term upon the candidate's successful completion of a probationary period of reasonable duration, after which the appointment would become final and the appointee could be removed only as specified in Highway Law, § 100 and County Law, § 400(4)(a). This would be analogous to the statutory provisions governing positions in the classified civil service.
The exercise of this power by your board would be authorized under the grant of home-rule power given to counties in Article IX, § 2(c)(1) of the State Constitution and in section 10(1)(ii)(a)(1) of the Municipal Home Rule Law to adopt local laws not inconsistent with the Constitution or with any general law in relation to the qualifications, mode of selection and removal, term of office, etc. of its officers and employees. See, also, Boisvert v County of Ontario, 89 Misc.2d 183 (Sup Ct, Ontario Co, 1977), affd 57 A.D.2d 1051 (4th Dept, 1977), in which a county board of supervisors was permitted to reconsider and rescind its appointment of a county welfare officer to a fixed term approximately thirty days after such appointment was initially made, in accordance with the procedures and time limitations provided for by the rules of the board under County Law, § 153(8).
We conclude that the appointing of a superintendent to a fixed term of four years conditioned upon the appointee's satisfactory completion of a specified probationary period is neither inconsistent with nor prohibited by Highway Law, § 100 or County Law, § 400(4)(a). The purpose and duration of such period should be clearly stated in the enabling legislation or rule. We caution, however, that the duration of the probationary period should be reasonable and should not, under any circumstances, exceed the time period applicable to positions in the classified service. See 4 NYCRR, supra, § 4.5(a).
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.