■ EDWARD F. MCDONOUGH et al., Respondents, v WILLIAM J. MURPHY, as Rensselaer County Executive, et al., Appellants. — Appeals from that part of a

judgment of the Supreme Court at Special Term (Bradley, J.), entered October 27, 1982 in Rensselaer County, which, *inter alia,* granted plaintiffs' motion for summary judgment declaring certain resolutions of the Rensselaer County Legislature to be null and void. On July 1, 1982, defendant Rensselaer County Legislature enacted Resolutions G-217-82 through G-220-82. These resolutions declared the four positions on the Board of Trustees of Hudson Valley Community College (board) held by plaintiffs to be vacant. At the same time, these resolutions appointed four new members to the board. As regards three of the four board positions in question (McDonough, Davison, and Denio), the basis for the Legislature's declaration was that these plaintiffs failed to file their oaths of office with the Rensselaer County Clerk within 30 days of their appointment, as required by section 30 (subd 1, par h) of the Public Officers Law. The basis for declaring plaintiff Fleming's position vacant was that he was not a resident of Rensselaer County as required by section 30 (subd 1, par d) of the Public Officers Law. Plaintiffs, the former members of the board, commenced this declaratory judgment action seeking a declaration that the action of the Legislature was invalid and that they are the lawful members of the board. Special Term granted plaintiffs' motion for summary judgment declaring the resolutions of the Legislature void and directing a trial on the factual issue of plaintiff Fleming's residence. This appeal ensued. We first turn to the issue of whether plaintiffs McDonough, Davison and Denio filed the required oaths of office (see Public Officers Law, § 10) within the time limitations prescribed by section 30 (subd 1, par h) of the Public Officers Law. The facts show that plaintiffs McDonough and Davison were reappointed to their positions as trustees on June 10, 1980 and September 8, 1981, respectively, for nine-year terms. However, not until November 16, 1981 were said plaintiffs given written notification by the Rensselaer County Clerk of their appointments. Within 30 days after said notice both plaintiffs filed their official oaths of office. Plaintiff Denio was appointed by the county legislature to his position on July 9, 1976. Although Denio never received written notice of his appointment, he duly executed the oath of office for said position on April 15, 1977. Section 30 (subd 1, par h) of the Public Officers Law provides that a vacancy is created in a public office upon an officer's "refusal or neglect to file his official oath * * * before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office, of if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term". Plaintiffs contend that there has been compliance with the statutory requirements of section 30 in that Davison and McDonough filed their oaths within 30 days of receiving written notice. Plaintiff Denio contends that he received no written notice of his appointment at all, but that his oath was timely filed. Plaintiffs base these contentions upon the fact that in the case of an appointive office, section 30 (subd 1, par h) of the Public Officers Law provides alternative time periods within which to file an oath and, therefore, plaintiffs were not required to file their oaths of office until notified *in writing* of their appointments. Plaintiffs further claim that the condition of "whichever shall last occur" is implied in the statutory language. Defendants, on the other hand, argue that the statute does not require written notice, but that constructive or implied notice is sufficient to satisfy the statute. Special Term did not pass on this issue, holding that the filing of the oath of office by these three plaintiffs validated their appointment *nunc pro tunc.* However, this rationale has been rejected by this court (*Matter of Comins v County of Delaware,* 66 AD2d 966). Accordingly, we must construe section 30 (subd 1, par h) of the Public Officers Law. In this regard, the construction offered by plaintiffs must be rejected. One reason plaintiffs give for implying

the condition of "whichever shall last occur" is their mistaken belief that an oath of office cannot be filed until the term commences. Contrary to plaintiffs' position, the pertinent statute simply does not make such a statement, but only requires that the oath of office be filed "before he shall be entitled to enter upon the discharge of any of his official duties" (Public Officers Law, § 10). In addition, there is no requirement in the Public Officers Law that an appointee be given notice of appointment in *written* form. Finally, plaintiffs point to subdivision 5 of section 400 of the County Law to prove their contention that the Public Officers Law requires *written* notice before an appointee has to file his oath. In referring to that statute, plaintiffs have failed to realize that *not until* the appointed officer has filed an oath of office must the county clerk "execute and deliver to such officer a certificate stating that he has duly qualified and is entitled to assume the duties of his office" (County Law, § 400, subd 5). The statute in question (Public Officers Law, § 30, subd 1, par h) makes a distinction between those persons elected to office and those persons appointed to office. While an elected officer has no choice as to when to file his oath, the appointed officer is given an alternative. The logical conclusion drawn from this distinction is that in certain circumstances, a person appointed to a position may not have knowledge of said appointment unless given notice by the appropriate officials. However, when by one's own actions it is clear that a person knows of his appointment, he should not be allowed to wait indefinitely before filing an oath of office. This interpretation is mandated by the necessity to file an oath of office, which is intended to be part of the requirements making an officer fully qualified to carry out the duties of his office (see Public Officers Law, § 10). Thus, once plaintiffs have taken actions as official members of the board, as has been done here, they cannot be heard to claim that they had no notice of their appointments, for without a doubt the contrary is true.[*] This being the case, plaintiffs McDonough, Davison and Denio failed to comply with the requirements of section 30 (subd 1, par h) of the Public Officers Law. Since such a failure creates a vacancy in office (*Ginsberg v City of Long Beach,* 286 NY 400, 403), the resolutions replacing these plaintiffs as members of the board were valid. We now turn to the issue concerning Resolution G-219-82 which replaced plaintiff Fleming on the ground that he was not a resident of Rensselaer County. A vacancy is not created until the officer "cease[s] to be an inhabitant * * * of the political subdivision, or municipal corporation of which he is required to be a resident" (Public Officers Law, § 30, subd 1, par d). It is conceded that a question of fact exists as to whether plaintiff Fleming is a resident of Rensselaer County. Accordingly, Special Term acted prematurely in declaring Resolution G-219-82 invalid before holding a hearing and making a finding of fact on the issue of plaintiff Fleming's residency. The matter should, therefore, be remitted to Special Term for a hearing on this issue. Judgment modified, on the law and the facts, by reversing so much thereof as declared Resolutions G-217-82 through G-220-82 null and void, and Resolutions G-217-82, G-218-82 and G-220-82 declared valid, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main and Casey, JJ., concur; Weiss, J., dissents and votes to affirm in the following memorandum.

---

[*] We note that under plaintiffs' reasoning, an officer has two time periods in which to file an oath of office, either within 30 days after commencement of the term or within 30 days after receiving *written* notice. Plaintiff Denio did not file his oath of office within either of these time limitations. First, he waited 10 months after appointment before filing, and second, he never received written notice. Accordingly, plaintiffs cannot contend, as they do, that Denio has satisfied the filing requirements of the statute.

Weiss, J. (dissenting). Simply stated, this is a political contest between the Republicans and Democrats in the Rensselaer County Legislature over control of the Board of Trustees of the Hudson Valley Community College. Until January 1, 1982, the Democrats enjoyed a majority in the legislature, at which time the Republicans assumed the controlling majority. Six months later, by resolutions not set forth in an agenda but added by the chairman after completion of the agenda matters at a special meeting held July 1, 1982, the legislature passed Resolutions G-217-82, G-218-82 and G-220-82, which purported to declare the nine-year terms for the positions of plaintiffs Davison, McDonough and Denio as trustees of the college vacant by reason of their failure to have filed their oaths of office with the Rensselaer County Clerk within 30 days after their respective appointments, and to appoint in their place and stead defendants O'Connor, Raneri and Brearton. By Resolution G-219-82 passed the same date, the position of a nine-year term as trustee held by plaintiff Fleming was declared vacant because he was not in fact a resident of the county, and defendant Hill was appointed in his place. Plaintiffs commenced this action on July 6, 1982, seeking a judgment declaring that they are the lawful holders of the offices to which each was appointed and that each is a *de jure* member of the board of trustees, declaring said resolutions nullities and invalid, and, declaring the appointments of the respective successors null and void. Following service of answers, defendants Murphy and Buono moved pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint for failure to state a cause of action, and plaintiffs cross-moved pursuant to CPLR 2001 for leave to amend the complaint to show that defendant Buono is County Clerk of Rensselaer County and to add the county as a party defendant. By separate notice, plaintiffs moved pursuant to CPLR 3212 for summary judgment on the ground no triable issues of fact exist and for a preliminary injunction forbidding, enjoining and restraining defendants Brearton, O'Connor, Raneri and Hill from seeking or attempting to act as trustees until determination of the action. Special Term, after consolidation of the motions, joined the county as a party defendant, amended the title to indicate that defendant Buono is County Clerk of Rensselaer County, declared Resolutions G-217-82, G-218-82, G-220-82 and G-219-82 null and void, and transferred the cause of action by plaintiff Fleming to Trial Term for an immediate trial on the issue of his residence. Defendants have appealed. The judgment should be affirmed. It should be noted initially that Special Term correctly transferred plaintiff Fleming's cause of action to Trial Term for a trial of the factual issue raised as to his residence. Defendants contend that the position held by Fleming was vacant because he was not a resident of Rensselaer County as required by section 30 (subd 1, par d) of the Public Officers Law, while he argues that at the time of his appointment he resided in the City of Troy. He was reappointed for a term from June 30, 1978 to June 30, 1981 by resolution of the county legislature passed June 13, 1978, his address being shown as 38 First Street, Troy, New York. The statute states that a vacancy is not created until the officer "cease[s] to be an inhabitant of that * * * municipal corporation of which he is required to be a resident". The county legislature was without authority to pass Resolution G-219-82 until this issue was first determined by a court, exclusively upon the particular facts existing (*Matter of Newcomb*, 192 NY 238, 250; 1977 Atty Gen [Inf Opns] 271). We next consider the resolutions affecting plaintiffs McDonough, Davison and Denio. The record shows that McDonough, upon completion of a prior term, was reappointed to another term of office for nine years by the county legislature on June 10, 1980. Denio was appointed to an initial term of office by resolution adopted July 9, 1976 and filed his oath of office on April 15, 1977. Davison was reappointed to a nine-year term by

resolution of the county legislature adopted September 8, 1981. The record further shows that one Susan Steele assumed the position as Clerk of the Rensselaer County Legislature in August, 1981, and that on November 16, 1981, while reviewing the files, she ascertained that the legislature had never given written notice of reappointment to McDonough, Davison and Fleming. On that day, she sent a letter to these three plaintiffs, enclosing a copy of the respective resolution appointing each, approved by the county executive, and requesting each to "bring the letter and Resolution to the County Clerk's Office and to sign the book". McDonough did so on November 17, and Davison on November 18. It appears Fleming had signed the oath on July 10, 1978, but believing he might have neglected to do so, he also resigned an oath on November 19, 1981 in response to the Steele letter. It is clear from the record that defendant Buono, as county clerk, never gave the notice required by subdivisions 4 and 6 of section 400 of the County Law of a vacancy in the case of plaintiff Fleming's position by reason of the nonresidency proscribed in section 37 of the Public Officers Law, nor did Buono ever give notices of appointment to the other plaintiffs described in subdivision 5 of section 400 of the County Law. Defendants rely upon section 30 (subd 1, par h) of the Public Officers Law which provides that a vacancy is created in a public office upon an officer's "refusal or neglect to file his official oath * * * before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term". Plaintiffs McDonough and Davison contend that they have complied with section 30 by filing their oaths within 30 days after receipt of the notice given in the Steele letter, while plaintiff Denio contends that he filed his oath despite lack of any notice at all. Central to their argument is the contention that section 30 specifies two separate and distinct events which trigger the 30-day limitation of time within which to file oaths and that the statute, although devoid of specific words, implies the condition "whichever shall last occur". Defendants argue that no written notice is required and that constructive or implied notice is sufficient to satisfy the statute. Special Term failed to consider or pass upon these arguments, but instead validated the late filings *nunc pro tunc* and declared the resolutions null and void because no vacancies in said offices existed at the time of their adoption. While it may be argued that this rationale was rejected by this court in *Matter of Comins v County of Delaware* (66 AD2d 966), and that noncompliance with the time limitations for filing oaths prescribed by section 30 of the Public Officers Law absolutely creates a vacancy in office (*Ginsberg v City of Long Beach,* 286 NY 400; 1975 Atty Gen [Inf Opns] 237), I am not persuaded that the same result is compelled in this case. In order to determine whether there has been noncompliance with the statute, this court must not only interpret the intent of the legislature in its use of the word "notice" in the statute, but also determine what kind of notice is sufficient to satisfy the statute. A glaring ambiguity appears to exist in section 30 (subd 1, par h). The paragraph mentions the refusal or neglect to file an official oath or undertaking "before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office, or if an *appointive* office, within thirty days after notice of his appointment, *or* within thirty days after the commencement of such term" (emphasis added). Clearly two types of offices are identified: the first elective and the second appointive. In the case of appointive office, two separate and distinct events specified are separated by the disjunctive "or", itself preceded by a comma. In construing a sentence in a statute, the use of a disjunctive so separated ordinarily indicates an intention to discriminate the first half of the sentence

from the second half (McKinney's Cons Laws of NY, Book 1, Statutes, § 253). In my view, in the case of an appointive officer, the intent of the legislature was to specify that the 30-day time limitation within which to file the oath of office is triggered by either of the two events. Conspicuous by its absence is any indication of legislative intent as to whether the limitation of time is the shorter or longer of the two possible time periods. In this case, the omission mandates the longer of such times, here, after notice of appointment. Since the only notice given was the November 16, 1981 Steele letter, and McDonough and Davison filed within the ensuing 30 days, such filing was timely. Denio concededly never received notice, but nevertheless filed his oath which similarly was timely. Further support for this determination can be found in section 13 of the Public Officers Law which, parenthetically, is entitled "Notice of neglect to file oath or undertaking". That section states "[t]he officer or body making the appointment * * * shall, if the officer be required to give an official undertaking * * * forthwith give *written notice* of such appointment or election to the officer in whose office the undertaking is to be filed. If any officer shall neglect, within the time required by law, to take and file an official oath" (emphasis added). It is obvious the legislature intended to require that *written notice* of appointment or election be given to memorialize or document the date for the commencement of the 30-day period within which the oath (or undertaking) must be filed. In section 13, the language specifically provides for written notice. It would be erroneous to speculate that section 30 should be read to mean that less formal notice than that required by section 13 was intended by the Legislature. In *Matter of Cosgrove (Walsh)* (292 NY 50), the Court of Appeals held that the time within which to file the oath under section 30 of the Public Officers Law commenced not when one is elected, but when he receives his certificate of election, clearly demonstrating that a written instrument is required. In *Matter of Comins (supra)*, this court held that filing of the oath must have been made within 30 days after notice of appointment, or within 30 days after commencement of the term pursuant to section 30 of the Public Officers Law, quoting the statute verbatim. In doing so, we recognized that there are two alternative time periods provided by use of the punctuation comma to separate and distinguish the existence of two alternative events. In my view, the later of the two alternate events, i.e., receipt of written notice, triggers the 30-day time period within which to file an oath. We do not legislate. We interpret that which the Legislature has set down as law. Certainly, it is plausible to hold that there are two separate events, the later here being written notice which served to trigger the time period in question, rather than to select just one of the two events, i.e., commencement of the term of office, and decide that the three plaintiffs have failed to timely file their oaths. "It is not to be supposed that the Legislature will deliberately place words or phrases in a statute without any purpose in view. On the contrary, it is said that in the attempt to ascertain the intention of the legislature, it is a just rule, always to be observed, that the court shall assume that every provision of the statute was intended to serve some useful purpose, and it is broadly held that every word, phrase, clause and paragraph must be presumed to have a meaning and to have been inserted in a statute for a purpose" (McKinney's Cons Laws of NY, Book 1, Statutes, § 231). The judgment should be affirmed.