David B. Kahl, Esq. Town Attorney, Caton
You informed us that your town highway superintendent has pleaded guilty to official misconduct and falsifying business records, both misdemeanors, and has never filed his oath of office. You have asked whether it is appropriate to seek removal of this officer under section30(1)(e) or (h) or section 36 of the Public Officers Law.
Town Officers are required to file the oath of office required by the Constitution (Town Law, § 25). Upon the refusal or neglect of a public officer to file the oath of office within the time period established by law, the office becomes vacant automatically by operation of law (Public Officers Law, § 30[1][h]).
 "The fact that the board did not earlier move to dismiss petitioner, does not, in our view, constitute an appointment of petitioner to his position. When a person appointed to office fails to timely file his oath of office, neither notice nor judicial procedure is necessary, the office is automatically vacant and may be filled by the proper appointive power. * * * Consequently, if petitioner did in fact fail to timely file his oath of office, no hearing on charges was required in order to dismiss him from office." (Comins v County of Delaware, 66 A.D.2d 966 [3d Dept, 1978].)
Thus, upon the failure of your highway superintendent to file his oath of office within the time period set by law, there occurred a vacancy in the office which continues even though the officer has continued to serve (ibid.).
Since this officer has been removed by operation of law, it is unnecessary to establish grounds for removal (see Public Officers Law, § 36). Of course, it will be necessary to establish in fact that the officer did not file his oath of office on a timely basis.
In a previous opinion construing conflicting provisions of law with respect to the time of filing the oath of office by town officers, we concluded that Public Officers Law, § 30(1)(h) is controlling (1976 Op Atty Gen [Inf] 102).
Under section 30(1)(e) of the Public Officers Law, a public office becomes vacant by operation of law upon the conviction of the incumbent "of a felony, or crime involving a violation of his oath of office". "Conviction" as used therein includes the entering of a plea of guilty (Op Atty Gen [Inf] 83-22, copy enclosed). Since the two crimes to which the highway superintendent has pleaded guilty are misdemeanors, there is a violation of this section if the crimes involve a violation of the oath of office. In a recent opinion, we concluded that the elements of the crime of official misconduct do involve violations of the oath of office required by the Constitution (ibid.).
However, if the highway superintendent in fact has not filed his oath of office, he has by operation of law automatically been removed from office and you need not address section 30(1)(e) of the Public Officers Law.
We conclude that the failure of a town superintendent of highways to timely file his oath of office results in a vacancy in the office occurring by operation of law.