Lawrence R. Dittelman, Esq. Town Attorney, New Castle
Your March 10, 1986 letter to the Office of the State Comptroller has been forwarded to us for response. You have asked whether a member of the town planning board is an officer required to file an oath of office. Second, you ask whether the late filing of an oath of office reestablishes the person's right to hold office.
In a previous opinion of this office, we defined the qualifications of a public officer:
 "The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). The statutory designation of a position as an `office' is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds; appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933])" (1983 Op Atty Gen 16).
While there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (1983 Op Atty Gen 16; Matter ofHaller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties.
The planning board has responsibility for the development of the master plan which forms the basis for the development of the town (Town Law, § 272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276).
It appears clear from the above powers, that members of the town planning board exercise a portion of the sovereign powers of government.
Town officers are required to file the oath of office required by the Constitution (Town Law, § 25). Upon the refusal or neglect of a public officer to file the oath of office within the time period established by law, the office becomes vacant automatically by operation of law (Public Officers Law, § 30[1][h]).
 "The fact that the board did not earlier move to dismiss petitioner, does not, in our view, constitute an appointment of petitioner to his position. When a person appointed to office fails to timely file his oath of office, neither notice nor judicial procedure is necessary, the office is automatically vacant and may be filled by the proper appointive power . . . Consequently, if petitioner did in fact fail to timely file his oath of office, no hearing on charges was required in order to dismiss him from office" (Comins v County of Delaware, 66 A.D.2d 966 [3d Dept, 1978]).
Thus, upon failure of a member of the planning board to file his oath of office within the time period required by law, the office automatically becomes vacant. Late filing of the oath does not cure the vacancy that has been created. We note that this defect does not prohibit the future appointment of this person to the planning board.
You have also asked whether the acts of an officer who has failed timely to file his oath of office are valid. These officers are de facto
officers and their acts are deemed to be valid (1977 Op Atty Gen [Inf] 276; Public Officers Law, § 15.
We conclude that a member of a town planning board is a public officer required to file an oath of office. The failure timely to file an oath creates a vacancy by operation of law which cannot be cured by late filing. This officer is a de facto officer and his acts are deemed to be valid.