KATHLEEN M. STANISZEWSKI, as Mayor of the City of Lackawanna, et al., Appellants, v LACKAWANNA MUNICIPAL HOUSING AUTHORITY et al., Respondents. [595 NYS2d 160] —Judgment insofar as appealed from unanimously reversed on the law with costs and petition granted. Memorandum: Petitioner Kathleen Staniszewski, Mayor of the City of Lackawanna, contends that Supreme Court erred in annulling her determi-

nation that the position held by respondent Francis Anticoli as a member of respondent Lackawanna Municipal Housing Authority was vacant and in failing to uphold her appointment of petitioner Gerald Schenk to that position. We agree. On January 11, 1988, Anticoli was appointed to the Authority for a term expiring on November 15, 1989. On November 15, 1989 Anticoli was reappointed to a five-year term. On December 26, 1989 Anticoli took and filed his oath of office for his reappointment. Staniszewski, on June 19, 1992, notified Anticoli that, because he did not file his oath of office within 30 days of his reappointment, she was declaring his position vacant. On that same date Staniszewski appointed Schenk to serve as a member of the Authority for the remainder of Anticoli's term.

Because Anticoli failed to file his oath of office within 30 days of his reappointment as required by section 30 of the Public Officers Law, his appointment was vitiated and his office became vacant (see, Matter of Comins v County of Delaware, 66 AD2d 966; Boisvert v County of Ontario, 89 Misc 2d 183, 186, affd 57 AD2d 1051; see also, Ginsberg v City of Long Beach, 286 NY 400, 403; People ex rel. Walton v Hicks, 221 NY 503). Because of his failure to file timely his oath of office, Anticoli's status became that of a holdover until his successor was chosen and qualified (Boisvert v County of Ontario, supra, at 186-187). Staniszewski therefore properly determined that Anticoli's position as a member of the Lackawanna Municipal Housing Authority was vacant and acted within the scope of her authority by appointing Schenk to that position pursuant to Public Housing Law § 34. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.— Article 78.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.