■ JOHN V. LOMBINO, Respondent, v TOWN BOARD OF THE TOWN OF RYE et al., Appellants. [614 NYS2d 564] —In an action, *inter alia,* for a judgment declaring that the plaintiff timely took his oath of office, the defendants appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), entered March 10, 1993, which denied their motion for summary

judgment and granted the plaintiff's cross motion to disqualify the defendants' attorney.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, the plaintiff's cross motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment declaring that the plaintiff John Lombino did not timely file his oath of office.

The Supreme Court denied the defendants' motion for summary judgment on the ground that there is a factual issue of whether the plaintiff filed his oath of office on January 3, 1991. However, contrary to the plaintiff's contention, even if he filed his oath of office on January 3, 1991, the filing was still untimely. Public Officers Law § 30 provides that an appointive office shall become vacant for failing to file an official oath "within thirty days after [the] appointment, or within thirty days after the commencement of such term". Here, the plaintiff was notified of his appointment as Assessor in November 1990, and began working on December 3, 1990. Thus, even if he filed his oath of office on January 3, 1991, the filing was more than 30 days after both the notification and commencement of his term. Thus, the Town Board properly declared the office of Assessor vacant.

In addition, the Supreme Court incorrectly granted the cross motion to disqualify the defendants' attorney. Since there are no factual issues and this case will not proceed to trial, there is no possibility that the defendants' attorney will be called as a witness. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.