# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**958**

**CA 11-00781**

PRESENT: SCUDDER, P.J., PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ANTHONY SCRO,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION OF JORDAN-ELBRIDGE
CENTRAL SCHOOL DISTRICT AND JOHN DOE,
TREASURER OR ACTING TREASURER,
JORDAN-ELBRIDGE CENTRAL SCHOOL
DISTRICT, RESPONDENTS-APPELLANTS.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (DOMINIC S. D'IMPERIO OF
COUNSEL), FOR PETITIONER-RESPONDENT.

TIMOTHY G. KREMER, EXECUTIVE DIRECTOR, LATHAM (JAY WORONA OF COUNSEL),
FOR NEW YORK STATE SCHOOL BOARDS ASSOCIATION, INC., AMICUS CURIAE.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated decision and order) of the
Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered
January 20, 2011 in a proceeding pursuant to CPLR article 78. The
judgment annulled the termination of petitioner's employment and
ordered the reinstatement of petitioner.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
alleging that respondents terminated his employment as a school
district treasurer in violation of his due process rights and
Education Law § 306 (1) and seeking, inter alia, reinstatement to his
position with back pay. We conclude that Supreme Court erred in
granting the petition.

We agree with respondents and the contention of the New York
State School Boards Association, Inc. in its amicus curiae brief that,
under Education Law § 2130 (4), petitioner was an at-will employee who
was not entitled to pre-termination due process. Education Law § 2130
(4) provides in relevant part that "[t]he board of education in every
union free school district whose limits do not correspond with those
of an incorporated village or city shall appoint a district treasurer,

and a collector who shall hold office during the pleasure of the board." Although that statute refers to union free school districts, it applies with equal force to central school districts (*see* Education Law § 1804 [1]; § 1805; *Appeal of DeMan*, 35 Ed Dept Rep 171, 173). Both treasurers and collectors "hold office during the pleasure of the board" (§ 2130 [4]), meaning that "a board of education has the right to discontinue the services of its treasurer at any time" (*Appeal of Myers*, 34 Ed Dept Rep 238, 239-240). Thus, contrary to petitioner's contention, Education Law § 306 (1) was not the only means by which respondents could terminate his employment (*see id.*). Petitioner was the equivalent of an at-will employee inasmuch as he served " 'at the pleasure of' " respondent Board of Education (*Matter of Cathy v Prober*, 195 AD2d 999, 1000, *lv denied* 82 NY2d 660; *see e.g. Moore v County of Rockland*, 192 AD2d 1021, 1022-1023), and he therefore was not entitled to pre-termination due process (*see Trakis v Manhattanville Coll.*, 51 AD3d 778, 780-781; *Natalizio v City of Middletown*, 301 AD2d 507, 507-508). For that reason, the court erred in granting the petition.

In any event, we agree with respondents that they had an alternative justification for their dismissal of petitioner, based on his failure to file his oath of office within 30 days of the commencement of the term of district treasurer, as required by Public Officers Law § 30 (1) (h). Where, as here, petitioner was present at the board meeting at which he was appointed and thus had actual notice of his appointment, written notice thereof was not required to commence the 30-day period (*see McDonough v Murphy*, 92 AD2d 1022, 1023-1024, *affd* 59 NY2d 941). Here, petitioner had notice of his appointment on July 7, 2010 but failed to file his oath of office until August 9, 2010, beyond the requisite 30-day period. Due to that failure, petitioner's office automatically became vacant (*see Lombino v Town Bd. of Town of Rye*, 206 AD2d 462, 463, *lv denied* 84 NY2d 807; *Staniszewski v Lackawanna Mun. Hous. Auth.*, 191 AD2d 1048, 1049; *Boisvert v County of Ontario*, 89 Misc 2d 183, 186, *affd* 57 AD2d 1051), and "no hearing on charges was required to dismiss him from office" (*Matter of Comins v County of Delaware*, 73 AD2d 698, 698; *Matter of Oakley v Longobardi*, 51 Misc 2d 427, 428).

Finally, petitioner's request for affirmative relief, i.e., an award of attorneys' fees, costs, and disbursements, is not properly before us inasmuch as he failed to take a cross appeal (*see e.g. City of Rye v Public Serv. Mut. Ins. Co.*, 34 NY2d 470, 474).

Entered: September 30, 2011                Patricia L. Morgan
                                           Clerk of the Court